UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                        )
LOUIS PICCONE and ELENA PICCONE,                        )
                                                        )
            Plaintiffs,                                 )
                                                        )
v.                                                      )        Civil Action No. 09-30146
                                                        )
ANGELO McCLAIN, LYNNE REBER,                            )
JOAN MAZZEO, HEATHER NIETSCHE,                          )
IRENE WOODS, LANCE LAPOINTE,                            )
JANET RICE, JOHN W. BARTELS, JR.,                       )
JOHN M. MARLEY, TOWN OF DALTON, and                     )
RICHARD SMITH,                                          )
                                                        )
            Defendants.                                 )
_____ )

## MEMORANDUM IN SUPPORT OF DCF DEFENDANTS' MOTION TO DISMISS

NOW COME Angelo McClain, Lynne Reber, Joan Mazzeo, Heather Nietsche,

Irene Woods, Lance LaPointe, and Janet Rice ("DCF Defendants")[1], by and through their

counsel, the Attorney General of the Commonwealth of Massachusetts, and submit their

Memorandum in Support of the DCF Defendants' Motion to Dismiss

### PRELIMINARY STATEMENT

DCF Defendants are seeking, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the claims

in the civil action filed against them by the Plaintiffs.

---

1 Angelo McClain, former Commissioner of the Department of Social Services, now known as the Department of
Children and Families, was sued in his official capacity; the remaining DCF Defendants, employees of the
Department of Children and Families, were sued in their individual capacities.

The DCF Defendants must be dismissed for the following reasons:

1)      Lynne Reber, Joan Mazzeo, Heather Nietsche, Irene Woods, Lance LaPointe, and Janet Rice (collectively, the "Individual Defendants"), employees of the Department of Children and Families ("DCF") [formerly known as the Department of Social Services], have absolute immunity from suit;

2)      The Individual Defendants have qualified immunity from suit;

3)      McClain must be dismissed as there are no allegations against him, and as he was sued in his official capacity; and

4)      Under the circumstances, requests for injunctive relief and declaratory relief against the DCF Defendants must be dismissed.

In addition, each claim must be dismissed for the following reasons:

1)      The DCF Defendants' alleged failure to follow statutes or regulations arise under state law and therefore do not present a claim under 42 U.S.C. § 1983;

2)      The DCF Defendants did not interfere with any rights of the Plaintiffs by "threats, intimidation, or coercion," and therefore a G.L. c. 12, § 11I claim must fail; and

3)      The DCF Defendants did not use process for "an ulterior or illegitimate purpose," and therefore the abuse of process claim must be dismissed.

## **FACTS**[2]

In their Complaint, the Plaintiffs allege that the Individual Defendants, who are all social workers or supervisors employed by DCF, investigated child abuse allegations against

the Plaintiff, Louis Piccone.  The allegations were made by the Plaintiffs' three year old son (Complaint, ¶ 25) as reported to DCF by a mandated reporter.  (Complaint, ¶ 32)  On January 11, 2008, and again on January 15, 2008, DCF personnel advised Mr. Piccone that, unless he agreed to stay away from his children, DCF would seek custody.  (Complaint, ¶ 59, 86)  On January 15, 2008, DCF personnel notified Mr. Piccone that DCF had scheduled a SAIN (Sexual Assault Intervention Network) interview for the next day (January 16, 2008).  (Complaint, ¶ 84-85)  However, on the afternoon of January 15, 2008, Mrs. Piccone fled with the children and removed them from Massachusetts.  (Complaint, ¶ 89)  DCF was not advised of Mrs. Piccone's flight with her children until 1:30 P.M. the next day (January 16, 2008) (Complaint, ¶ 92), and as a result, filed an *ex parte* emergency care and protection action (referred to by the Plaintiffs in the Complaint as a "custody petition") in Juvenile Court later that afternoon, seeking custody of the Plaintiffs' children.  (Complaint, ¶ 95)  As a result, DCF was awarded custody of the Plaintiffs' children by the Juvenile Court.  (Plaintiffs' Complaint, ¶ 102)  There are no allegations in the Complaint that DCF took physical custody of the Plaintiffs' children or that the Plaintiffs ever surrendered physical custody of the children to DCF, nor are there any allegations in the Complaint that the Plaintiffs agreed to bring the children back to Massachusetts and surrender custody to DCF. DCF eventually concluded that there was insufficient evidence to make a finding of abuse or neglect.  (Complaint, ¶ 156)

   The Plaintiffs claim that the Individual Defendants, in making the determination to

---

2 The allegations of the complaint are taken as true only for the purposes of this motion.

take legal custody of the Plaintiffs' children, unjustifiably sought custody of the Plaintiffs'

children and submitted a custody petition that misrepresented and omitted material facts.

(Complaint, ¶ 89, Counts XXV - XXVIII)  The Plaintiffs also claim that the Individual

Defendants unjustifiably removed the Plaintiffs' children from their custody.  (Complaint,

Counts XXI - XXIV)

The Plaintiffs have also brought suit against Angelo McClain, the Commissioner of

DCF.  The Plaintiffs make no specific allegations against McClain, but seek injunctive relief

against him requesting that he expunge the Plaintiffs' DCF records.

## <u>MOTION TO DISMISS STANDARD</u>

On a motion to dismiss for failure to state a claim, the court takes as true the

allegations of the complaint, as well as such inferences as may be drawn therefrom in the

plaintiff's favor. Fed.R.Civ.P. 12(b)(6).  <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955

(2007) requires that a plaintiff plead facts as opposed to conclusions of law in order to

state a plausible claim for relief.  Under this standard, a complaint's factual allegations

must be enough to raise a right to relief above the speculation level based on the

assumption that all allegations in the complaint are true.

Recently, the Supreme Court further sharpened and refined the <u>Twombly</u> motion

to dismiss standard in <u>Ashcroft v. Iqbal</u>, 556 U.S. --, 129 S.Ct. 1937 (2009).  <u>Iqbal</u>

summarized the <u>Twombly</u> rationale by setting forth a two-prong test that courts must

consider in deciding a motion to dismiss:  "First, the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions. …

Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id., 129 S.Ct. at 1950-51.

## ARGUMENT

The Plaintiffs allege three separate legal theories against the DCF Defendants:

1.     Counts XXI – XXIV:  The Plaintiffs allege substantive due process violations and allege that the DCF Defendants violated their rights under the Fourteenth Amendment of the United States Constitution and Articles 1 and 10 the Massachusetts Declaration of Rights by unjustifiably removing the Plaintiffs' children from their custody.

2.     Counts XXV – XXVIII:  The Plaintiffs allege procedural due process violations and allege that the DCF Defendants violated their rights under the Fourteenth Amendment and the Massachusetts Declaration of Rights by making the determination to take legal custody of the Plaintiffs' children, unjustifiably seeking custody of the Plaintiffs' children, and submitting a custody petition that misrepresented and omitted material facts.

3.     Count XXIX:  The Plaintiffs allege the DCF Defendants' filing of the custody petition constitutes an abuse of process.

All DCF Defendants must be dismissed from this action, and all counts must be dismissed as to the DCF Defendants, as set forth below.

I.     DCF DEFENDANTS ARE NOT SUBJECT TO SUIT

A.     Individual Defendants Must Be Dismissed From The Complaint

1.    Individual Defendants are entitled to absolute immunity

The Plaintiffs allege that the Individual Defendants, in proceeding with the custody

petition, made the determination to take legal custody of the Plaintiffs' children,

unjustifiably sought custody of the Plaintiffs' children, submitted a custody petition that

misrepresented and omitted material facts, and unjustifiably removed the Plaintiffs'

children from their custody.  The Individual Defendants are protected against these claims

by absolute immunity.

Absolute immunity is designed to protect participants in adjudicatory proceedings

such as those concerning custody petitions.  Social workers have been analogized to

prosecutors and will be granted absolute immunity when they are "performing the

function of initiating dependency proceedings against parents suspected of child abuse."

Salyer v. Patrick, 874 F.2d 374, 378 (6th Cir. 1989); *accord,* Vosburg v. Department of

Social Servs., 884 F.2d 133 (4th Cir. 1989); Meyers v. Contra Costa County Dept. of

Social Servs., 812 F.2d 1154, 1157 (9th Cir. 1987), *cert. denied*, 484 U.S. 829 (1987).

As the Court of Appeals for the First Circuit has noted, "it is well established that

public officers possess absolute immunity for activities that are intimately associated with

the judicial process."  Frazier v. Bailey, 957 F.2d 920, 931 n. 12 (1st Cir. 1992)(emphasis

in original)(citations omitted).  Further, lower courts have provided social workers and

other public officials with absolute immunity for actions involving the initiation and

prosecution of child custody or dependency proceedings.  Id., *citing* Millspaugh v.

County Dep't of Public Welfare, 937 F.2d 1172, 1176 (7th Cir. 1991)(social worker

immune from suit for failure to furnish information to the court and pursuing litigation after parents were clearly entitled to custody); Stem v. Ahearn, 908 F.2d 1, 6 (5th Cir. 1990)(social worker possesses absolute immunity when testifying at a child-custody hearing); Meyers, 812 F.2d at 1156-57 (social workers immune as quasi-prosecutorial officers when initiating child dependency proceedings); Malachowski v. City of Keene, 787 F.2d 704, 712-13 (1st Cir. 1986), *cert. denied*, 479 U.S. 828 (1986)(juvenile officer immune from damages when initiating juvenile delinquency proceeding); Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir. 1984)(guardian ad litem retains absolute immunity to enable him to act in the best interest of the child; psychiatrists providing information to court entitled to absolute immunity as functionally analogous to witnesses).

The U.S. District Court in Massachusetts relied on Malachowski to find that a social worker employed by the Department of Social Services was entitled to absolute immunity in Donald M v. Matava, 668 F.Supp. 703 (D.Mass.1987). In that case, the plaintiffs alleged that the defendant social worker violated their right of family privacy and integrity when he allegedly substantiated a child abuse report without any evidence of misconduct by the plaintiffs. As in the instant matter, the plaintiffs in Donald M alleged that the report created the threat that the plaintiffs could lose their children and labeled the parents as "child abusers." The court held that the defendant Mancusi, a social worker, and his supervisor were absolutely immune from personal liability.

This court finds that defendant Mancusi and any supervisory officials allegedly

responsible for his actions are absolutely immune from liability for substantiating the second child abuse report. While some cases have found social workers not absolutely immune for initiating child neglect and abuse proceedings, *see, e.g.,* Doe v. County of Suffolk, 494 F.Supp. 179, 181-183 (E.D.N.Y.1980); Doe v. Hennepin County, Civ. No. 4-84-115 (D.Minn. June 26, 1984), the holding in Malachowski indicates that the First Circuit approves of the decisions in Kurzawa, Whelehan, and Pepper, all of which grant absolute immunity to social service workers acting to initiate child abuse proceedings. The decision here to substantiate the second child abuse report - in contrast to the steps taken to obtain the information on which the decision was based - did not have an investigatory purpose. Rather, the determination that there was reasonable cause to believe child abuse had occurred was a step in the process of possibly initiating formal proceedings against the Ms. *See* Mass. Gen. Laws c. 119, §51B(5). As such, it was intimately associated with the judicial phase of the legal process and, therefore, protected by absolute immunity.  Malachowski, 787 F.2d at 712.  Thus, whether or not they had sufficient evidence for doing so, Mancusi and his supervisors are absolutely immune from liability for substantiation of the second child abuse report.

Id. at 713.

The same reasoning applies with full force to the Individual Defendants.  Even if they had acted as alleged – "motivated by an evil motive or intent," or with "reckless or callous indifference" to the Plaintiffs' rights – their actions were intimately involved with the judicial process pursuant to G.L. c. 119, §§ 51B and 24.  The Individual Defendants must be free from the threat of harassment and intimidation in their decision to seek the emergency custody of children whose safety and welfare they deem is at imminent risk, and they should be dismissed from this action as they have absolute immunity from suit.

2.      Individual Defendants are entitled to qualified immunity

In  addition  to  absolute  immunity,  the  Individual  Defendants,  as  governmental officials, are also shielded by qualified immunity when performing discretionary functions or

where rights allegedly being violated are not clearly established. The issue of whether government officials are entitled to qualified immunity for their conduct should, where possible, be decided prior to trial to assure that insubstantial claims do not proceed to trial. Harlow v. Fitzgerald, 457 U.S. 800, 815-19 (1982).  It is clear that the "discretionary functions" exception applies here.

A public official who performs a discretionary function is shielded from civil liability by the doctrine of qualified immunity.  A public official exercising judgment and discretion is not liable for negligence or other error in the making of an official decision unless the official acted in bad faith, maliciously, or corruptly.  Gildea v. Ellershaw, 363 Mass. 800, 820, 298 N.E.2d 847 (1973); *see also* Duarte v. Healy, 405 Mass. 43, 50 n. 5; Breault v. Chairman of the Bd. of Fire Comm'rs of Springfield, 401 Mass. 26, 34 (1987). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Rodriques v. Furtado, 410 Mass. 878, 882 (1991), *quoting* Harlow, 457 U.S. at 818.

The unpublished decision of Stephens v. Executive Office of Health and Human Service, 57 Mass.App.Ct. 114 (2003), in which a mother brought suit alleging that she was deprived of her children without the commencement of judicial proceedings, is instructive:

> Here, the individual defendants were plainly performing purely discretionary functions when they responded to the reports they had received pursuant to G.L. c. 119, § 51A, that the three children the plaintiff had had with her former husband, John Stephens, were being abused by the plaintiff's then live-in companion.  While the defendants were required by G.L. c. 119, § 51B, to conduct a prompt investigation of

the reports, neither the statute nor the regulations promulgated by DSS prescribed the precise actions the defendants should have taken following the completion of their investigation. See G.L. c. 119, § 51B; 110 Code Mass. Regs. §§ 4.00 et seq. (1993).

Id. at *2.

As in Stephens, the Individual Defendants were merely using their discretion in following what they believed were required of them to implement G.L. c. 119 and the regulations promulgated thereunder. They used their discretion in investigating a report from a mandated reporter and following through on making a custody determination. It is clear from the Plaintiffs' Complaint that the numerous acts of which the Plaintiffs complain were discretionary in nature, and as a result, they should be dismissed from this Complaint.

3.      Plaintiff cannot seek injunctive or declaratory relief against the Individual Defendants

It is clear from the arguments above that the Individual Plaintiffs should be dismissed from the Complaint, and it is clear from the arguments in Section II of this Memorandum that each claim must be dismissed. Therefore, under the circumstances, it is impossible for the Plaintiffs to obtain any type of relief, be it monetary, injunctive, or declaratory, against the Individual Defendants. As a result, the requests for injunctive and declaratory relief in the *ad damnum* must be dismissed.

B.      Angelo McClain Must Be Dismissed From The Complaint

Angelo MacLain is the Commissioner of the Department of Children and Families. McClain was sued "solely in his official capacity" as the Commissioner of the Department of Children and Families; he was not sued in his individual capacity. (Complaint, ¶ 8)

1.    With respect to Counts XXI-XXIX

Plaintiffs have interposed claims against "All DCF Defendants" in Counts XXI

through XXIX of the Complaint. As there are no allegations in the Complaint against

McClain, and as McClain, in his individual capacity, is an inappropriate party against whom

relief may be sought, McClain must be dismissed from the causes of action in Counts XXI-

XXIX.

a.    No allegations

The Plaintiffs make no allegations against McClain in the body of the Complaint, nor

have the Plaintiffs alleged that McClain violated any duties owed to them.  The Plaintiffs do

not allege that the Commissioner was in any way involved in the circumstances surrounding

the custody issues concerning the Plaintiffs' children.  Accordingly, the Complaint contains

no count seeking redress for any deprivation of rights or tort claim against McClain, and he

must be dismissed from the Complaint.

b.    DCF, and not McClain, is the real, substantial party in interest

Under Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104

S.Ct. 900, 79 L.Ed.2d 67 (1984) ("Pennhurst II"), suits against state officials are barred

where the state is the "real, substantial party in interest."  Pennhurst II, 465 U.S. at 101.

As the only remedy that the Plaintiffs are seeking against McClain is for him to expunge

the Plaintiffs' DCF records, the Plaintiffs are actually seeking the Court to order DCF,

and not McClain, to expunge their records.  MacLain must therefore be dismissed from

this suit.

c.    Official capacity

i.    42 U.S.C. § 1983

A 42 U.S.C. § 1983 claim against a state employee in his official capacity must fail

as "a State official is not a 'person' under that statute when sued in his official capacity."

Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); *see also* Monell v. Dept.

of Social Services, 436 U.S. 658, 694 and n.55 (1978) (a claim brought against an official

of state government, acting in his official capacity, for alleged civil rights violations

under the Federal Civil Rights Act, constitutes an action against the state); Oliveira v.

Com., 64 Mass.App.Ct. 1108 (2005).

In addition, as the Plaintiffs sued McClain  solely in his capacity as a state officer,

the section 1983 claim against him is barred by the Eleventh Amendment.  Pennhurst II,

465 U.S. at 101-02; *see also* Kentucky v. Graham, 473 U.S. 159, 169-70 (1985)   (§1983

lawsuit against state police commissioner in his official capacity was equivalent to a suit

against the state and therefore barred by Eleventh Amendment); Woodbridge v.

Worcester State Hospital, 384 Mass. 38, 44-45, n.7 (1981).    The Plaintiffs have therefore

failed to state a claim against McClain under 42 U.S.C. § 1983.

ii.    G.L. c. 12, § 11I

Under the Massachusetts Civil Rights Act ("MCRA"), "persons" may be liable for

injunctive or monetary relief for violations of rights secured by the constitutions or laws of

the United States or the Commonwealth.  G.L. c. 12, §§ 11H, 11I.  However, individual

governmental officials operating in their official capacities are not "persons."  Howcroft v.

City of Peabody, 51 Mass.App.Ct. 573, 596 (2001), *quoting* Swanset, 423 Mass. at 395.  The

Plaintiffs have failed to state a claim against McClain under G.L. c. 12, § 11I.

Additionally, as there are no factual allegations in the Complaint asserting that

McClain 1) interfered or attempted to interfere with the Plaintiffs' exercise of "rights secured

by the constitution or laws of the commonwealth," and 2) that he did so by "by threats,

intimidation or coercion," G.L. c. 12, § 11H; *see* Rosenfeld v. Board of Health of Chilmark,

27 Mass.App.Ct. 621, 627 (1989), the G.L. c. 12, § 11I claim must be dismissed as to

McClain.

> 2.     With respect to injunctive and declaratory relief

While it is appropriate to sue an official in his official capacity in order to request

injunctive or declaratory relief, Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109

S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989), it is apparent from the arguments in Section II of

this Memorandum below that the Plaintiffs have no basis for any of their claims.  Therefore,

under the circumstance, it is impossible for the Plaintiffs to obtain any type of relief, be it

monetary, injunctive, or declaratory, against McClain.  Therefore, the requests for injunctive

and declaratory relief in the *ad damnum* must be dismissed.

## II.     THE CLAIMS MUST BE DISMISSED

Although all DCF Defendants must be dismissed from this case as argued

above, the court can also find that each of the Plaintiffs' legal theories must be

dismissed.

> A.     Claims Under 42 U.S.C. § 1983 Must Be Dismissed

To establish a claim under 42 U.S.C. § 1983, the Plaintiffs must prove 1) that

the defendants acted "under color of state law" and 2) that the defendants deprived the

Plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of

the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Rights which arise only from state law are not enforceable by section 1983

because this section requires a violation of federal constitutional or statutory rights.

The mere failure to follow state law or regulations does not provide a basis for a 1983

claim. Quintero de Quintero v. Aponte-Rogue, 94 F.2d 226, 230 (1st Cir .1992); *see*

*also* Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992).

The essence of the Plaintiffs' action in this instant matter is the enforcement

of Massachusetts statutes and regulations pertaining to the investigation of

allegations of neglect or abuse (G.L. c. 119, §§ 51A and 51B) and the filing of a

care and protection petition (G.L. c. 119, § 24).  As the claims asserted by the

Plaintiffs arise under alleged violations of state law, they do not give rise to an

action under section 1983.

Also, Plaintiffs may not seek to vindicate an alleged deprivation of rights guaranteed

by the Massachusetts Declaration of Rights through the use of 42 U.S.C. § 1983.  Section

1983 addresses only deprivations of federally guaranteed rights. 42 U.S.C. § 1983; Ahern v.

O'Donnell, 109 F.3d 809, 815 (1st Cir. 1997) (holding that plaintiff must show that "the

challenged conduct … caused [her] to be deprived of rights, privileges, or immunities

secured by the United States Constitution or by federal law….  By the terms of the statute

itself, a section 1983 claim  must be based upon a *federal* right") (internal citations omitted) (emphasis in original).

Based on the above arguments, the Plaintiffs' 42 U.S.C. § 1983 claims must be dismissed.

### B.      Claims Under G.L. c. 12, § 11I Must Be Dismissed

In order to establish a claim under the MCRA, the Plaintiffs must prove that "(1) [their] exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) have been interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation, or coercion.' G.L. c. 12, § 11I." Swanset Development Corp. v. Taunton, 423 Mass. 390, 395 (1996) (citations omitted).  The Plaintiffs have not alleged threats, intimidation, or coercion by the DCF Defendants.  They claim only that the DCF Defendants "unjustifiably" sought custody of the Plaintiffs' children by "submitting a custody petition that misrepresented and omitted material facts."  (Complaint, ¶ 2; Counts XXV – XXVIII)

Further, case law is clear that "[i]t is not an improper threat for a State official merely to express an intention to bring a petition under G.L. c. 119, § 24, to obtain custody of a child if, in the official's judgment, such a petition is warranted." Stephens v. Executive Office of Health and Human Services, 57 Mass.App.Ct. 1114 (2003), *citing* Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 782 (1987) and Sena v. Commonwealth, 417 Mass. 250, 263 (1994).  Generally, by itself, a threat to use lawful means to reach an intended result is not actionable under § 11I.  See Pheasant Ridge Assocs., 399 Mass. at 771.

Therefore, as the Plaintiffs have not alleged any actionable "threats, intimidation, or coercion" by the DCF Defendants, the Plaintiffs' G.L. c. 12, § 11I claims must fail.

> C.     The Abuse Of Process Claim Must Be Dismissed.

The elements of abuse of process include: "(1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." Kelley v. Stop & Shop Cos., 26 Mass.App.Ct. 557, 558 (1988), *quoting* Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986).

> 1.     Individual Defendants

The Plaintiffs have not alleged that the Individual Defendants had an "ulterior or illegitimate purpose" for filing for custody of the Plaintiffs' children.  The Plaintiffs hint at, but never develop factually, a connection between Mr. Piccone's discussions with the General Counsel of the Massachusetts Department of Early Education and Care (Complaint, ¶ 24, 52) and the custody issues that occurred a week later.  (Complaint, ¶ 25)  However, it was not until Mrs. Piccone removed the Plaintiffs' children from the Commonwealth that the Individual Defendants took the step of filing the petition for custody. (Complaint, ¶ 89 - 97) This is clearly not the use of process for an improper purpose.  *See* Ladd v. Polidoro, 424 Mass. 196, 198 (1997) (using process for collateral advantage, to accomplish something for which the process is not designed is an improper purpose).  For there to be an abuse of process in this case, it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed. SMS Financial V, LLC v. Conti, 68 Mass.App.Ct. 738,

747 (2007).

Clearly, the actual process used by the Individual Defendants was intended to provide for taking custody of the Plaintiffs' children only after 1) Mrs. Piccone fled the state with the Plaintiffs' children on January 15, 2008 (Complaint, ¶ 89) after the allegations of abuse and neglect had come to light, 2) the DCF social worker was not advised of Mrs. Piccone's flight until the afternoon of January 16, 2008 (Complaint, ¶ 92), and 3) the flight from the Commonwealth occurred the day before the Mr. Piccone was to appear at a SAIN meeting with representatives of DCF, law enforcement, and the district attorneys' office. (Complaint, ¶ 89) Given this background, there was no ulterior motive for filing the care and protection action other than to protect the best interests of the Plaintiffs' children.

Further, the facts alleged in the Complaint do not support the Plaintiffs' contention that the Individual Defendants attempted to deprive the Plaintiffs of the custody of the children while the social workers investigated the allegations from the mandated reporter. Certain of the Individual Defendants requested that Mr. Piccone stay away from his children while the investigation proceeded. (Complaint, ¶ 59 – 60, 86) The Plaintiffs cannot show that the Individual Defendants' actions were unreasonable in light of the fact that the custody petition was filed only after the childrens' mother had removed the children from the Commonwealth, hence raising a red flag.

The abuse of process count must be dismissed against the Individual Defendants.

2.     Defendant McClain

There are no allegations in the Complaint that the Defendant McClain participated in

the filing of process against the Plaintiffs.  As the Plaintiff cannot establish any elements of

abuse of process, the claim must be dismissed against him.

## CONCLUSION

WHEREFORE, the Defendants request this Honorable Court to allow the DCF

Defendants' Motion to Dismiss.


Respectfully submitted,
**ANGELO MCCLAIN, LYNNE REBER,
JOAN MAZZEO, HEATHER NIETSCHE,
IRENE WOODS, LANCE LAPOINTE, AND
JANET RICE**

By their attorney,
**MARTHA COAKLEY,
ATTORNEY GENERAL**

___/S/  Kerry Strayer_____
Kerry Strayer
Assistant Attorney General
Western Massachusetts Division
1350 Main Street, 4th Floor
Springfield, MA 01103
Tel. No. 413-784-1240, ext. 7705
Fax No. 413-784-1244
e-mail:  kerry.strayer@state.ma.us
BBO No. 549404

DATED:    October 2, 2009

## CERTIFICATE OF SERVICE

I, Kerry Strayer, hereby certify that the foregoing **Memorandum in Support of
DCF Defendants' Motion to Dismiss** will be sent electronically to the registered

participants as identified on the Notice of Electronic filing, and paper copies will be sent to those indicated as non-registered participants on this 2nd day of October, 2009.

                                       ___/S/  Kerry Strayer_____
                                       Kerry Strayer
                                       Assistant Attorney General