UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS PICCONE and ELENA PICCONE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANGELO MCCLAIN, LYNNE REBER, ) <br> JOAN MAZZEO, HEATHER NIETSCHE, ) <br> IRENE WOODS, LANCE LAPOINTE ) <br> JANET RICE, ) <br> ) <br> JOHN W. BARTELS, JR., JOHN M. MARLEY, ) <br> TOWN OF DALTON, and ) <br> ) <br> RICHARD SMITH, ) <br> ) <br> Defendants. ) | Civ. No. 09-30146-MAP |

**PLAINTIFF'S OPPOSITON TO**
**DEFENDANT RICHARD SMITH'S MOTION TO DISMISS**

Plaintiff Louis Piccone sued Defendant Richard Smith ("Trooper Smith") in his individual capacity for violating Mr. Piccone's constitutional rights. Trooper Smith now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion should be denied.

**STANDARD OF REVIEW**

The rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, the complaint must merely allege "a plausible entitlement to relief." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Twombly*, 550 U.S. at 559). Importantly, "[s]pecific facts are not necessary" for a claim to be "plausible"; instead, the "short and plain statement" required by

Rule 8(a) need only "give the defendant notice of what the . . . claim and the grounds upon which it rests." *Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Put another way, a claim is "plausible" when the complaint "contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S __, 129 S. Ct. 1937, 1949 (2009).

In making this determination, the Court must "accept as true all of the plaintiff's well-pleaded facts and must draw all reasonable inferences in the plaintiff's favor." *Gargano*, 572 F.3d at 48-49. Importantly, the Court is limited to consideration of the allegations in the complaint, with a "narrow exception" for documents central to a plaintiff's claim or sufficiently referred to in the complaint. *Id.* at 47 n.1.

## **FACTUAL ALLEGATIONS**

Although the details of Piccones' ordeal are lengthy, *see* Complaint, ¶¶ 22-194 the facts supporting Mr. Piccone's claim against Trooper Smith are simple and straightforward. On February 12, 2008, Mr. Piccone arrived at Logan International Airport to surrender on, and defend himself against, parental-kidnapping charges pending against him in Massachusetts state court. *Id.* at ¶¶ 161-162. Mr. Piccone was taken into custody by federal Immigration and Customs Enforcement officers when he arrived. *Id.* at ¶ 163. Because Mr. Piccone was taken into custody (and therefore could not taken his luggage with him), a piece of luggage that Mr. Piccone brought with him was left with authorities at Logan. *Id.*, at ¶ 169.

Nearly three weeks later—apparently recognizing that the government could not justifiably search Mr. Piccone's luggage—a Berkshire County assistant district attorney sought consent from Mr. Piccone to search the luggage, which was still at Logan. *Id.*, at ¶ 170. After

2

Mr. Piccone (through his attorney) denied the request, Trooper Smith traveled to Boston from Berkshire County to seize the piece of luggage that Mr. Piccone brought with him when he arrived at Logan on February 12. *Id.*, at ¶ 169. Two weeks later, Pittsfield Police Chief John W. Bartels, Sr. applied for and received a search warrant and then searched Mr. Piccone's luggage. *Id.*, at ¶ 171. The affidavit Chief Bartels filed in support of the warrant application contained numerous misrepresentations and omitted materials facts. *Id.*, at ¶¶ 172-174.

## ARGUMENT

### Dismissal of Count VII of the Complaint is Not Warranted Because Mr. Piccone Has Stated an Actionable Fourth Amendment Claim Against Trooper Smith.

In Count VII of the Complaint, Mr. Piccone brings a claim against Trooper Smith under 42 U.S.C. § 1983 alleging that Trooper Smith violated his rights under the Fourth Amendment. *See* Complaint, at ¶ 225-229. To state a claim under § 1983, a plaintiff must allege (1) that the defendant was acting under color of state law, and (2) the defendant's conduct deprived the plaintiff of a federally secured right. *See Soto v. Flores*, 103 F.3d 1056, 1061 (1st Cir. 1997). Here, Trooper Smith concedes that the first element is met, *see* Trp. Smith Memo., at 9, and he does not dispute that Mr. Piccone's luggage is entitled to Fourth Amendment protection. Instead, Trooper Smith makes three arguments. First, he argues that he did not seize Mr. Piccone's luggage because Mr. Piccone's luggage had already been seized when Mr. Piccone arrived at Logan Airport and that he (Trooper Smith) merely "transported the luggage the Dalton Police Department." *Id.*, at 10. Next, Trooper Smith suggests that even if a seizure occurred, it was justified as either "incidental to [Mr. Piccone's] arrest" and/or that he (Trooper Smith) had a "reasonable articulable suspicion that the luggage could contain contraband or evidence to support the parental kidnapping charges" against Mr. Piccone. *Id.* at 11. Finally, Trooper Smith argues that even if he did violate Mr. Piccone's Fourth Amendment rights, he is entitled to

qualified immunity and therefore cannot be held liable. *Id.* at 14-15. As described below, all three arguments fail, and as a result, the Court should deny Trooper Smith's motion to dismiss Count VII of Mr. Piccone's Complaint.

   *A.*  *Trooper Smith seized Mr. Piccone's luggage.*

   Trooper Smith first argues that he did not seize Mr. Piccone's luggage. According to Trooper Smith, federal Immigration and Customs Enforcement ("ICE") agents seized Mr. Piccone's luggage upon his arrival at Logan Airport and he merely "transported the luggage to the Dalton Police Department." Trp. Smith Memo. at 10. Importantly, however, in making this argument, Trooper Smith ignores the two central components of the motion-to-dismiss standard: (1) to consider only the allegations contained in the complaint, and (2) to accept those allegations as true. *See Gargano*, 572 F.3d at 47-49. Instead, Trooper Smith simply presents his own allegations about what happened. To his credit, Trooper Smith is forthright about this tactic; he does not suggest that the alleged facts he relies on are in Mr. Piccone's complaint. Rather, he cites as support for his theory of events statements made by another defendant in this case— namely, statements made by Chief Bartels in a search warrant application that Trooper Smith attaches to his memorandum in support of his motion to dismiss. *See* Trp. Smith Memo., at 10 (repeatedly citing Chief Bartels's affidavit). Stated simply, the Court need not—and indeed, cannot—credit Trooper Smith's story. *See Gargano*, 572 F.3d at 47-49. Rather, consistent with black-letter law, the Court should accept as true the allegations in the complaint: (1) Mr. Piccone arrived at Logan with a piece of luggage; (2) Trooper Smith traveled to Logan two weeks later and took Mr. Piccone's luggage without Mr. Piccone's consent or a valid warrant. *See id.* Taking these allegations as true, Trooper Smith's actions constituted a seizure, and therefore

violated Mr. Piccone's Fourth Amendment rights. *See, e.g.*, *United States v. Jacobsen*, 469 U.S. 109, 113 (1984).

Mr. Piccone does not allege nor concede that his luggage was seized by ICE when Trooper Smith traveled to seize it himself. Moreover, even if that were somehow true, it does not immunize Trooper Smith from his own actions. Whether ICE acted lawfully or not, the complaint makes clear that Mr. Piccone still had authority over his luggage—indeed, the Dalton Police asked him permission to search it before seeking a warrant. If true, which at this stage the court must presume it is, then Trooper Smith's action were clearly an independent seizure which required some legal justification.

> B. *Trooper Smith's seizure of Mr. Piccone's luggage cannot be justified as a seizure incident to Mr. Piccone's arrest.*

Next, Trooper Smith argues that his seizure of Mr. Piccone's luggage was justified either because he supposedly had a "reasonable, articulable suspicion that the property contain[ed] contraband or evidence of a crime, or because it was somehow incidental to Mr. Piccone's arrest more than two weeks earlier." Trp. Smith Memo. at 11. Both arguments fail.

First, Trooper Smith suggests that "[a] law enforcement officer may seize property if he has a reasonable, articulable suspicion that the property contains contraband or evidence of a crime." *Id.* In support of this proposition, Trooper Smith cites *United States v. Place*, 462 U.S. 696, 706 (1983); but that case is inapposite. In *Place*, the Supreme Court considered whether "a brief seizure of luggage from [a] suspect's custody for the purpose of pursuing a limited course of investigation" (in that case, exposure to a drug-detection dog) was permissible based on an officer's reasonable, articulable suspicion that the luggage contains contraband. *Id.* at 703-06. Analogizing the "brief seizure" to a *Terry* stop, *see Terry v. Ohio*, 392 U.S. 1 (1968), and recognizing that such seizures are an exception to the Fourth Amendment's general requirement

5

of probable cause, the Court held that it was permissible for an "officer to detain the luggage <u>briefly</u> to investigate the circumstances that aroused his suspicion, <u>provided that the investigative detention is properly limited in scope</u>." *Place*, 462 U.S. at 706 (emphasis added).

  The circumstances of this case are far different than those in *Place*. Trooper Smith's seizure of Mr. Piccone's luggage was neither brief nor limited in scope. Instead, Trooper Smith seized Mr. Piccone's bag, and then took it with him from Boston to Dalton—nearly 150 miles away. Trooper Smith did not seize Mr. Piccone's luggage so that he could investigate any circumstances that aroused his suspicion—indeed, there is no indication that Trooper Smith had any valid, articulable suspicion that the items did contain contraband. Instead, he seized the luggage two weeks after Mr. Piccone was taken into custody and two weeks after the "suspicion" allegedly arose. Stated simply, Trooper Smith's seizure of Mr. Piccone's luggage is not even remotely similar to the brief, *Terry*-like seizure the Supreme Court authorized in *Place*. Under these circumstances, Trooper Smith was required to seek a warrant based upon probable cause, rather than to unilaterally take permanent custody of Mr. Piccone's luggage on his own initiative.

  Next, Trooper Smith argues that his seizure of Mr. Piccone's luggage was somehow incidental to Mr. Piccone's arrest. *See* Trp. Smith Memo. at 11. The power to search incident to a lawful arrest is an exception to the Fourth Amendment's general *per se* prohibition against warrantless searches and seizures. *See Chimel v. California*, 395 U.S. 752 (1969). Under *Chimel*, police may search incident to arrest <u>only</u> those areas within an arrestee's "immediate control," meaning "the area from within which he might gain possession of a weapon or destructible evidence." *Id.* at 763; *see Arizona v. Gant*, __ U.S. __, 129 S. Ct. 1710, 1716 (2009) ("That limitation, which continues to define the boundaries of the exception, ensures that the scope of a search incident to arrest is commensurate with its purposes of protecting arresting

6

officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy.").

Here, Mr. Piccone was arrested on February 12, 2008 and Trooper Smith was not even the officer who arrested Mr. Piccone. Trooper Smith then seized Mr. Piccone's luggage on February 29, 2008—more than two weeks later. Moreover, at the time that Trooper Smith seized Mr. Piccone's luggage at Logan Airport, Mr. Piccone was incarcerated in Berkshire County. Given these circumstances, it is obvious that Mr. Piccone's luggage was not within his "immediate control" at the time of Trooper Smith's seizure. As a result, Trooper Smith cannot justify his seizure of Mr. Piccone's luggage on the basis that the seizure was incidental to Mr. Piccone's arrest.[1]

    C.    *Trooper Smith is not entitled to qualified immunity because it is clearly established that officers cannot seize property without a warrant.*

Finally, Trooper Smith contends that he is entitled to qualified immunity, and therefore cannot be held liable. *See* Trooper Smith Memo at 14-15. This Court must employ a two-step analysis: "A court must decide: (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009). "The 'clearly established' step of the qualified immunity analysis . . . in turn, has two aspects. One aspect of the analysis focuses on the clarity of the law at the time of the alleged civil rights violation . . . The other aspect focuses more concretely on the facts of the particular

---

[1]  In *Gant*, the Supreme Court also "conclude[d] that circumstances <u>unique to the vehicle context</u> justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Gant*, 129 S. Ct. at 1719 (quoting *Thornton v. United States*, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)) (emphasis added). Obviously, given that there was no automobile involved here, Trooper Smith's actions cannot be justified on this basis either.

7

case and whether a reasonable defendant would have understood that his conduct violated the plaintiffs' constitutional rights." *Id.*

Here, for essentially the reasons described above, Trooper Smith's actions violated Mr. Piccone's clearly established rights: by taking Mr. Piccone's luggage, Trooper Smith seized it for Fourth Amendment purposes, *see, e.g.*, *Jacobsen*, 469 U.S. at 113, and the warrantless seizure cannot be justified under *Terry*/*Place*, nor was it incident to arrest, *see Chimel*, 395 U.S. at 763. Mr. Piccone's claim against Trooper Smith is not based on some novel or unsettled theory. Instead, Mr. Piccone's claim relies on well-settled Fourth Amendment principles: Trooper Smith seized Mr. Piccone's suitcase without a warrant, and none of the limited exceptions to the warrant requirement justify the seizure.[2]  Accordingly, Trooper Smith is not entitled to qualified immunity.

---

[2] In his memorandum, Trooper Smith suggests that he could have reasonably relied on *Illinois v. Lafayette*, 462 U.S. 640 (1983). *See* Trp. Smith Memo at 15. That case involved a routine administrative inventory search of an arrestee's bag at the police station immediately following an arrest. *Lafayette*, 462 U.S. at 643-45. Trooper Smith's reliance on *Lafayette* is curious given that he does not actually attempt to justify his warrantless seizure of Mr. Piccone's luggage as an administrative inventory procedure. In any event, nothing in the facts as alleged in the complaint suggest that Trooper Smith's actions were part of any such procedure, and to the extent he now suggests otherwise, his argument should be raised in a motion for summary judgment, not in a motion to dismiss.

8

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant Richard Smith's motion to dismiss.

Respectfully submitted,
LOUIS PICCONE,

By his attorneys,

/s/ Eric Tennen
Eric Tennen (BBO # 650542)
John G. Swomley (BBO # 551450)
Scott A. Katz (BBO # 655681)
SWOMLEY & ASSOCIATES
227 Lewis Wharf
Boston, MA 02110
617.227.9443

Dated:  December 30, 2009

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, which includes counsel for all Defendants in this matter.

/s/ Eric Tennen
Eric Tennen
