UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS PICCONE and ELENA PICCONE, Plaintiffs

v.

ANGELO MCCLAIN, LYNNE REBER, JOAN MAZZEO, HEATHER NIETSCHE, IRENE WOODS, LANCE LAPOINTE, JANET RICE, JOHN W. BARTELS, JR., JOHN M. MARLEY, TOWN OF DALTON, and RICHARD SMITH, Defendants

Civil Action No. 09-30146-MLW

MEMORANDUM AND ORDER WITH REGARD TO TOWN DEFENDANTS' DOCUMENTS RECEIVED FOR IN CAMERA REVIEW
March 30, 2012

NEIMAN, U.S.M.J.

On February 8, 2012, the court ordered John W. Bartels, Jr. ("Bartels"), John M. Marley ("Marley"), and the Town of Dalton (together "Town Defendants") to produce the following documents identified in their privilege log: "Document Nos. 5 through 11, 18, 19, 24 through 27, 29, 30, 34, 37, and 40 through 43 but only to the extent any document relates to the facts underlying the present matter, warrantless searches and/or disciplinary matters regarding the named [Town] Defendants." *See* Electronic Order (2/8/2012). Thereafter, the court allowed in part the Town Defendants' motion for reconsideration (Document No. 94) to the extent it sought to have the court conduct

an *in camera* review of the disciplinary documents. *See* Electronic Order (3/9/12). Pursuant to that order, the Town Defendants provided certain documents under seal for the court's review. Thereafter, Louis Piccone ("Plaintiff") filed a motion, which the court allowed, asking the court to consider various points in reviewing the documents and setting forth the reasons why he believes certain documents are relevant to the present matter. At the hearing held on March 28, 2012, the Town Defendants described the documents included in the sealed production as possibly "overinclusive." For the following reasons, the court will order the Town Defendants to produce some of the sealed documents to Plaintiff.

A.

Federal Rule of Civil Procedure 26(b)(1) allows parties "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of this discovery is "broad," and information, to be discoverable, "need only appear to be 'reasonably calculated to lead to the discovery of admissible evidence.'" *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 52 (1st Cir. 2009) (quoting Fed. R. Civ. P. 26(b)(1)); *see also Cutter v. HealthMarkets, Inc.*, 2011 WL 613703, at *2 (D. Mass Feb. 10, 2011). Nonetheless, Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Indeed, "if an objection arises as to the relevance of discovery, the court may "become involved to determine whether the discovery is relevant to the claims or defenses." *Cutter*, 2011 WL 613703 at *2

(internal citation omitted). Moreover, the party seeking discovery information "over an adversary's objection has the burden of showing [the information's] relevance." *Id.* (internal citation omitted). Bearing these principles in mind, the court turns to the documents at issue.

B.

As an initial matter and after review, the court finds that the following documents, as numbered in the Town Defendants' privilege log, are not relevant to the instant matter and need not be produced:

1) Document No. 6 is a report concerning a traffic stop conducted by Marley, which report contains no complaint or allegation of wrongdoing or any indication that it involved a disciplinary matter;

2) Document Nos. 18 and 19 pertain to complaints filed *by* Marley concerning individuals and matters unrelated to this case;

3) Document No. 29 pertains to a report generated by Bartels himself concerning the use of force during a 2007 incident, which report contains no complaint or allegation of wrongdoing or any indication that it involved a disciplinary matter;

4) Document Nos. 30 and 34 are documents related solely to Bartels' retirement;

5) Document No. 37 is an email regarding an illegal fire unrelated to any defendant or claim in this case;

6) Document No. 40 is a 1990 accident report regarding an automobile accident involving Bartels; and

7) Document No. 41 pertains to a 1994 investigation conducted *by* Bartels concerning individuals and matters unrelated to this case.

These documents, in the court's view, are clearly not relevant and could not possibly

have any bearing on this case. Moreover, Plaintiff, despite the description of these documents in the Town Defendants' privilege log, has asserted no adequate ground of relevance.

C.

Plaintiff does, however, assert that documents regarding an alleged relationship between Marley and a high school student (Document No. 9) are relevant to his claims. After review, the court disagrees. Not only are the documents not relevant but, unlike other documents which the court will order produced (*see* discussion *infra* Part D), they do not involve a citizen complaint.

That being so, even in instances involving formal citizen complaints, courts must balance the opposing party's interest in receiving this information against "[l]aw enforcement officials against whom citizen complaints are filed and the citizens who make the complaints or provide evidence during the investigation [all of who] have a privacy interest in maintaining the confidentiality of such complaint files." *Stewart v. Rouse*, 1998 WL 381975, at *1 (N.D. Ill. Jul. 6, 1998). *Id.* In describing the balancing that courts should undertake, one court noted that courts should consider the "remoteness or nearness in time of the incidents and similarity of the present complaint to the prior complaints . . . [as well as limited consideration] to whether the law enforcement agency concluded the complaint was founded or not." *Id.* The court also noted that "disclosure is more likely to be required where the existence of prior citizen complaints may be particularly pertinent to issues in the lawsuit." *Id.*

Applying this framework, the court finds the documents regarding Marley's alleged relationship simply not relevant. First, there is no citizen complaint reflected and/or implied in the documents; rather, at best, the documents center on an unsigned anonymous letter. Given serious doubts about the accuracy of the rumor mentioned in the documents, these facts weigh heavily against their production. Moreover, after conducting an investigation over two years, the Chief of Police considered the matter "closed and unfounded." Finally, Plaintiff's argument notwithstanding, the documents concern a situation entirely dissimilar to Plaintiff's claims against the Town Defendants.

D.

As to Document Nos. 7, 8, 10, 26, 27 and 42, the court, finding them relevant, will order them produced. Unlike the anonymous allegations contained in Document No. 9, these documents all contain citizen complaints filed against either Bartels or Marley, and, as disciplinary matters, are reasonably calculated to lead to the discovery of admissible evidence regarding at least some of Plaintiff's claims. *See Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997) (finding relevant to plaintiff's claim that defendants failed to adequately supervise defendant, prior complaints against defendant, "whether unsubstantiated or not," that were registered with the Civilian Complaint Review Board). The court also finds relevant Document Nos. 11 and 25 and will order the Town Defendants to produce them to Plaintiff; although these particular documents do not contain outside complaints, they either led to some disciplinary action or contain an admission of fault.

The Town Defendants, it should be noted, do not claim that any of these documents should be withheld on privilege grounds. Rather, they argue that the documents should not be produced to the extent they contain “criminal record information which is barred from disclosure by M.G.L. c. 6 § 167, *et seq.* and M.G.L. c. 258B, § 1, *et seq.*” (Town Defendants’ Privilege Log.) However, as the court noted in *Stewart*, such privacy concerns typically do not outweigh the interest of the party seeking discovery of the complaints but, rather, “receiv[e] some protection in the form of an appropriate protective order regarding disclosure of the documents.” 1998 WL 381975, at *1. Accordingly, the court will order the Town Defendants to appropriately redact the documents before being produced to Plaintiff so as to remove any names, addresses, or other information that might identify either a non-party complainant or other individuals not implicated in Plaintiff’s lawsuit.

## CONCLUSION

For the reasons stated, the court will order the Town Defendants to produce Document Nos. 7, 8, 10, 11, 25, 26, 27 and 42 after appropriate redactions are made. These documents are subject to the court’s oral order, conveyed to the parties at the hearing on March 28, 2012, that such documents -- and any other documents which the respective parties individually deem confidential -- shall remain confidential and shall not be shared with any other individual (except counsel for the parties, the parties themselves, and experts), unless otherwise ordered by the court.

IT IS SO ORDERED.

DATED: March 30, 2012

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge