UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LOUIS PICCONE and<br>ELENA PICCONE,<br>                Plaintiffs<br><br>                v.<br>ANGELO MCCLAIN, LYNNE REBER,<br>JOAN MAZZEO, HEATHER<br>NIETSCHE, IRENE WOODS, LANCE<br>LAPOINTE, JANET RICE, JOHN<br>W. BARTELS, JR., JOHN M. MARLEY,<br>TOWN OF DALTON, and<br>RICHARD SMITH,<br>                Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 09-cv-30146-MLW |

MEMORANDUM AND ORDER WITH REGARD TO
DEFENDANTS' MOTION FOR FURTHER
SANCTIONS (Document No. 151)
November 7, 2012

NEIMAN, U.S.M.J.

In their instant motion, John W. Bartels, Jr., John M. Marley, and the Town of Dalton (together "Defendants") seek an order further sanctioning Louis Piccone ("Plaintiff") or, in the alternative, holding him in contempt based on his failure to comply with several of the court's "clear and unequivocal" orders. Referring to what they describe as the "lengthy and tortuous procedural history" of this matter, Defendants point to several court orders which Plaintiff has violated, violations which they contend demand, in the first instance, dismissal of this action. The court will address these orders and Plaintiff's response in turn.[*]

---

[*] The court notes that Defendants had also moved for parallel sanctions in their Explanation and Certification (Document No. 150) provided to the court pursuant to yet another order (Document No. 146). Although Plaintiff has not opposed that motion, the

I. M<span>ARCH</span> 22, 2012 <span>ORDER</span>

On March 22, 2012, the court allowed in part Defendants' unopposed motion for sanctions

> in light of Plaintiff Louis Piccone's failure to timely comply with the court's orders to produce documents and a privilege log.  Finding that dismissal is not an appropriate sanction, however, the court orders Plaintiff to pay the costs and fees incurred by the Town Defendants in pursuing this motion.  The Town Defendants, by March 30, 2012, may file a schedule of fees and costs, to which Plaintiff may respond by April 6, 2012.

(Electronic Order, March 22, 2012.)  Thereafter, on April 11, 2012, the court allowed Defendants' schedule of fees and costs as follows:

> ELECTRONIC ORDER entered granting without any timely objection [114] the Town Defendants' Schedule of Fees and Costs submitted in compliance with the court's electronic ruling of March 22, 2012.  Accordingly, Plaintiff Louis Piccone shall pay the Town Defendants $449.50 no later than April 25, 2012, the court having found the hours and rates reasonable.

(Electronic Order, April 11, 2012.)  Shortly thereafter, on April 25, 2012, Plaintiff asserted that he would not pay the sanction imposed due to his "minimal income" (Document No. 122), whereupon the court on May 2, 2012, entered the following order:

> ELECTRONIC ORDER entered denying [122] Plaintiff Louis Piccone's Notice of Inability to Comply, to the extent it may be deemed a motion for reconsideration of the court's prior orders regarding sanctions.  In addition to the fact that Plaintiff had failed to oppose either the motions for sanctions or the schedule of costs filed by the various defendants, he has failed to support his assertion of "minimal income" by way of a sworn financial affidavit and/or the submission of evidence.

(Electronic Order, May 2, 2012.)

Now, in response, Plaintiff "certifies" that his "estimated income, excluding loans from family members to pay, for example, attorneys fees or other expenses for each

---

court addresses similar issues raised therein within the context of the instant ruling.

year since January, 2008, is estimated to be less than $12,000.00 each year on [sic] which the Plaintiff has had to support his wife, who has not been able to work because of her Canadian immigration status, and three children." (Plaintiff's Opposition (Document No. 153) at 6.)  "In fact," Plaintiff goes on, "for three of the last five years Plaintiff will estimate his income to be less than $6,000.00." (Id.)  Plaintiff also offers to submit "a detailed description of the privations the Piccone family has been forced to suffer at the hands of the Defendants to more fully familiarize the Court with the consequences of the Defendants' actions." (Id.)

    Plaintiff's offer of proof is not only late but unconvincing.  As the above exposition makes clear, Plaintiff not only failed to object to Defendants' original motion for sanctions but to their schedule of fees and costs.  Moreover, Plaintiff has again failed to support his claims by way of a sworn financial affidavit or the submission of evidence.  At best, he "certifies" that the "estimates" of his income are accurate. (Id.)

    In contrast, Defendants point to evidence that Plaintiff has and had the ability to pay the relatively modest sanction of $449.50.  In a prior response to this court's order (Document No. 117), Plaintiff represented that he had a "busy litigation docket spanning numerous states" and that he commutes to his practice from Canada.  Plaintiff, when last the court knew, was admitted to the practice of law in Pennsylvania and before the United States Patent and Trademark Office.  Further, when compelled to do so by the court, Plaintiff produced to Defendants invoices from his former counsel which document his paying thousands of dollars in fees.

    In short, Plaintiff's present attempt to explain away his failure to pay the sanctioned amount is too little and too late.  Accordingly, Plaintiff is ORDERED to pay

the $449.50 amount to Defendants forthwith and in no event later than November 21, 2012. Plaintiff's failure to do so, which may be confirmed by Defendants' written notice to the court, will result in a recommendation to Chief Judge Mark L. Wolf that this case be dismissed.

In so ruling, the court is aware that "dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003). Moreover, "dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order." *Id.* Nevertheless, given Plaintiff's repeated violations of the court's orders and his failure to abide by lesser sanctions to date, it would be appropriate to dismiss this action should Plaintiff not comply once again. *See Stinton v. McCarthy*, 2011 WL 841187, at *2 (D.Mass. March 4, 2011) ("'[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.'") (quoting *Young*, 330 F.3d at 81).

### I. JULY 6, 2012 ORDER (DOCUMENT NO. 147)

Defendants also seek dismissal as a sanction for Plaintiff's alleged failure to comply with the court's order of July 6, 2012, which allowed in part another of Defendants' motions to compel as follows:

> ELECTRONIC ORDER entered granting in part [132] the Town Defendants' Motion to Compel Further Discovery from Plaintiff Louis Piccone, as follows. First, by July 27, 2012, Plaintiff shall produce (and/or refer to specific Bate Stamp numbers) any and all documents, including contemporaneous attorney billing documents, which support his claims for damages in response to Request Nos. 8 through 13 of the Town of Dalton's Request for Documents. Second, by said date Plaintiff shall produce (and/or refer to specific Bate Stamp numbers) any and all emails requested in the Town of Dalton's Request Nos. 40 and 42 through 49; relatedly, by said date Plaintiff

shall provide an explanation to the court in writing about his claim that his computer had crashed, thereby thwarting his ability to produce all such emails.  Third, by said date Plaintiff shall produce a privilege log to Defendants with regard to any of the aforementioned emails he wishes to withhold; in doing so, however, Plaintiff can not rely on the mere fact that he is an attorney to claim an attorney-client privilege, unless he can assert that he was acting in that capacity with respect to the particular email withheld.  He may, of course, assert appropriate claims of privilege, if applicable, in his role as a client and/or husband.  These claims, however, must be asserted with particularity as to each email withheld.  In all other respects, Defendants' motion is denied.

(Document No. 147.)  Defendants now assert, first, that Plaintiff has failed to provide any emails by the date of their instant motion, let alone July 27, 2012.  Defendants also assert that Plaintiff has failed to provide an explanation to the court regarding his claim that his computer had crashed.  In addition, Defendants assert that Plaintiff's privilege log does not allow for an analysis of his claims of privilege, which claims, they assert, are belied by the recipients of the various documents and the subject matter listed.

Plaintiff does not appear to fully address Defendants' first assertion, namely, that he has failed to provide copies to Defendants of certain emails ordered by the court, preferring instead to rely solely on his claims of privilege.  Relatedly, the court has little interest in exploring Plaintiff's explanation regarding his crashed hard drive.  The court, however, is quite interested in addressing Plaintiff's broad claims of privilege set out in his logs and believes that the only way to do so is by considering the actual documents in light of the parties' respective arguments to date.

Accordingly, the court hereby ORDERS Plaintiff to provide the court copies under seal of all the documents for which he claims a privilege, labeling each as appropriate with the numbers 1 through 92 or 1a through 95a in accord with the privilege logs set forth in Exhibit 1 to Defendants' motion (Document No. 151).  Plaintiff shall comply with

this order no later than November 21, 2012, whereupon the court will determine whether and to what extent the various claims of privilege are appropriately invoked.

    IT IS SO ORDERED.

DATED: November 7, 2012

                                             /s/   Kenneth P. Neiman
                                             KENNETH P. NEIMAN
                                             U.S. Magistrate Judge