UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS PICCONE and            )
ELENA PICCONE,               )
     Plaintiffs,             )
                             )
        v.                   )    Civ. No. 09-30146
                             )
ANGELO MCCLAIN, LYNNE REBER, )
JOAN MAZZEO, HEATHER NIETSCHE, )
IRENE WOODS, LANCE LAPOINTE, )
JANET RICE, JOHN W. BARTELS, )
JR., JOHN M. MARLEY, TOWN OF )
DALTON, and RICHARD SMITH,   )
     Defendants.             )

MEMORANDUM AND ORDER

WOLF, D.J.                                    March 20, 2013

## I.    INTRODUCTION

In early 2008, an investigation was conducted into an allegation of child abuse made against plaintiffs Louis Piccone and Elena Piccone. Plaintiffs subsequently brought this suit against defendants who had been involved in the investigation in various capacities. The case was referred to Magistrate Judge Kenneth P. Neiman for pre-trial management. Now before the court are the Magistrate Judge's Report and Recommendation of November 21, 2012 (Docket No. 179) (the "First Report"); the Magistrate Judge's Report and Recommendation of January 29, 2013 (Docket No. 198) (the "Second Report"); and objections to the Magistrate Judge's orders on several nondispositive matters (Docket Nos. 135, 187, and 188). The court is also considering the Magistrate

Judge's Electronic Order of March 5, 2012 (the "Default Order"), which granted defendants Town of Dalton, John Marley, and John Bartels' (the "Dalton defendants") motion to dismiss Mrs. Piccone's claims against them.

Taken together, the First Report, the Second Report, and the Default Order recommend that the court dismiss the parts of plaintiffs' suit that have previously survived dismissal. The grounds for the recommended dismissal are Mrs. Piccone's complete failure to participate in the proceedings, and Mr. Piccone's failure to comply with the Magistrate Judge's orders regarding discovery and discovery-related sanctions. No objections have been filed with regard to the First Report or the Default Order. Mr. Piccone has filed an untimely objection to the Second Report.

The court is adopting the substance of the Magistrate Judge's First Report, Second Report, and Default Order. Mrs. Piccone's case is being dismissed, and Mr. Piccone's case is being dismissed with regard to defendant Richard Smith. Further submissions and proceedings are being ordered to determine whether the remainder of his case against the Dalton defendants should, as recommended by the Magistrate Judge, be dismissed.

2

II.   BACKGROUND

     The factual background to this case is described in detail
in a decision by Judge Michael Ponsor that was issued before the
case was reassigned to this court. See Piccone v. McClain, 720
F. Supp. 2d 139 (D. Mass. 2010). In brief, the facts are as
follows.

     In early 2008, the Massachusetts Department of Children and
Families received a telephone call alleging that Mr. Piccone had
abused one of the Piccone children. An investigation ensued. The
investigation involved the three groups of defendants in this
case:   seven   employees   of   the   Massachusetts   Department   of
Children  and  Families  (the  "DCF  defendants");  the  Dalton
defendants; and Richard Smith, a Massachusetts state trooper.
While   the   investigation   was   ongoing,   plaintiffs   left
Massachusetts. The investigation did not culminate in child-
abuse  charges  against  plaintiffs.  Mr.  Piccone  was,  however,
charged with parental kidnapping.

     Plaintiffs filed this case on August 25, 2009. Plaintiffs'
complaint asserts that defendants did not have a proper basis
for  their  investigation.  It  also  claims  that,  on  multiple
occasions, defendants illegally searched and seized plaintiffs'
property.  Plaintiffs  allege  violations  of  their  federal  and
state   constitutional   rights,   malicious   prosecution,   false

                                3

arrest, and abuse of process. They seek damages, declaratory relief, and an order that their names be removed from official records related to the child-abuse allegation and subsequent investigation.

The case was dismissed as against the DCF defendants on July 2, 2010. See Piccone, 720 F. Supp. 2d at 139. The remaining parties commenced discovery. Discovery-related events led to the Magistrate Judge's recommendations that the various parts of the suit be dismissed, which are discussed below.

III. DISCUSSION

    A.    Mrs. Piccone's Suit Against All Remaining Defendants

On November 4, 2011, the Magistrate Judge permitted the original attorney for both plaintiffs to withdraw. See Mot. to Withdraw, Sept. 26, 2011 (Docket No. 64); Electronic Order, Nov. 4, 2011. Mr. Piccone engaged another attorney, but Mrs. Piccone proceeded pro se. On two occasions, Mrs. Piccone was admonished by the Magistrate Judge that she must "appear at all court proceedings when scheduled" and that she must "individually sign all documents filed by her." Electronic Orders, Nov. 4, 2011, and Dec. 13, 2011.

Mrs. Piccone did not respond to any discovery requests made subsequent to her counsel's withdrawal. The Dalton defendants

4

filed a motion to compel discovery (Docket No. 78). The motion sought documents that Mrs. Piccone had not yet provided, as well as supplemental responses to several interrogatories. The motion was allowed without opposition. Electronic Order, Feb. 8, 2012.

Mrs. Piccone made no additional responses to the Dalton defendants' discovery requests. The Dalton defendants filed a "Motion for Default Judgment" (Docket No. 99). On March 5, 2012, the Magistrate Judge issued the Default Order. On the same day, he entered a Notice of Default (Docket No. 100). Mrs. Piccone has not objected to these decisions.

"[T]he ability of the magistrate judge to determine a matter -- as opposed to recommending a determination -- turn[s] on whether it is or is not 'dispositive.'" Conetta v. Nat'l Hair Care Centers, Inc., 236 F.3d 67, 73 (1st Cir. 2001); see also Callier v. Gray, 167 F.3d 977, 981 (6th Cir. 1999); 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Because the motion against Mrs. Piccone's was dispositive, the Magistrate Judge did not have the authority to decide it. The court is, therefore, construing the Default Order as a report and recommendation.

Where no objections have been filed to a report and recommendation, the court is not required to engage in de novo review, or even in "some lesser standard" of review. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985); 28 U.S.C. §636(b)(1)(C);

Fed. R. Civ. P. 72(b)(3). However, "some level of review [regarding] dispositive issues" is recommended. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The court has, therefore, considered this matter on its merits.

"Default judgment" may be entered against "a party against whom a judgment for affirmative relief is sought." See Fed. R. Civ. P. 55. This type of judgment is not applicable to Mrs. Piccone, who is a plaintiff against whom no counterclaims are asserted. The court is, therefore, construing the Dalton defendants' motion against Mrs. Piccone as a motion to dismiss for failure to prosecute, under Federal Rule of Civil Procedure 41(b), and as a motion for sanctions for failure to comply with a discovery order, under Federal Rule of Civil Procedure 37(b)(2)(A)(v).

Mrs. Piccone has failed to prosecute her case in any way since she decided to represent herself. She has also disregarded all of the Magistrate Judge's orders compelling discovery. Even if viewed de novo, the court finds the dismissal of her suit is warranted. See, e.g., Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) ("Dismissal with prejudice for failure to prosecute is appropriate in the face of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some

other aggravating circumstance.'" (quoting <u>Cosme Nieves v.</u> <u>Deshler</u>, 826 F.2d 1, 2 (1st Cir. 1987))). The court is, therefore, adopting the Magistrate Judge's recommendation in the Default Order.

     B.   <u>Mr. Piccone's Suit Against Smith</u>

Smith filed a motion to compel discovery from Mr. Piccone (Docket No. 81). According to this motion, Mr. Piccone did not respond to any of Smith's interrogatories, despite repeated requests to do so by Smith. Additionally, Mr. Piccone allegedly offered a uniform, non-substantive response to each of Smith's requests for the production of documents. That answer purported to be accompanied by "documents bates-stamped PLTF 1-PLTF 1166." Def. Smith's Mot. for Order Compelling Discovery, Dec. 30, 2011, Ex. E (Docket No. 81-5). However, it was asserted that no documents were actually produced.

Smith's motion to compel was allowed without opposition. <u>See</u> Electronic Order, Feb. 7, 2012. Mr. Piccone was ordered to comply with Smith's discovery requests by February 14, 2012. On February 16, 2012, Mr. Piccone sought an extension of time until February 27, 2012 to comply (Docket No. 95). The motion was allowed. <u>See</u> Electronic Order, Feb. 17, 2012. On February 27, 2012, Mr. Piccone sought an additional two-day extension (Docket

No. 98). This time, the motion was denied. Electronic Order, Feb. 28, 2012.

By March 7, 2012, Mr. Piccone had still not complied with the order compelling discovery. Smith moved for sanctions (Docket No. 102). The motion was allowed, without opposition, on March 22, 2012. The Magistrate Judge found "beyond doubt" that Mr. Piccone had "failed to provide discovery . . . and, as well, to comply with the court's orders to do so." Electronic Order, Mar. 22, 2012. The Magistrate Judge's order provided that Mr. Piccone "is hereby defaulted with respect to his claims against Defendant Smith" and that "a default judgment shall enter unless, by March 30, 2012, Plaintiff demonstrates good cause to the contrary." Id. Mr. Piccone was also ordered to pay the costs and fees that Smith had incurred in pursuing his motion to compel.

Mr. Piccone responded to the show-cause order On March 30, 2012 (Docket No. 117). He argued that his suit carries significant public import. Additionally, he contended that his failure to comply with the Magistrate Judge's order compelling discovery was due to the fact that his motion for a two-day extension was denied. Mr. Piccone reported that he had, ultimately, served his responses to Smith's interrogatories. He claimed to have done so on March 30, 2012 -- the same day he

8

responded to the show-cause order, and thirty days after the two-day extension he had requested would have expired.

On November 21, 2012, in the First Report, the Magistrate Judge determined that Mr. Piccone had failed to show cause why judgment should not be entered against him with respect to his claims against Smith. The First Report detailed Mr. Piccone's failures to produce discovery to Smith. The Magistrate Judge also examined the responses that Mr. Piccone had, eventually, offered to Smith's interrogatories. The Magistrate Judge found these responses markedly incomplete. Mr. Piccone had "failed to provide his answers under oath and over his own signature, failed to identify records in sufficient detail to enable Defendant Smith to locate and identify relevant documents, responded to a number of interrogatories with vague references to other matters . . . and provided yet other inadequate responses . . . ." First Report, at 7-8. Mr. Piccone, the Magistrate Judge found, had "failed to show the court any conscientious endeavor . . . to provide the requested discovery." Id. The First Report recommended, therefore, that Mr. Piccone's claims against Smith be dismissed.

No objections were filed to the First Report. Consequently, again, this court is not required to subject this Report to any

9

standard of review. Nevertheless, the court has reviewed this report too, on the merits, and finds it persuasive.

Mr. Piccone failed repeatedly to provide the discovery sought by Smith and ordered by the Magistrate Judge. He missed the deadline set by the order compelling discovery. After the deadline had passed, he sought an extension, which was granted. At the close of the extension, instead of complying with the order, he sought another extension. Although that second extension was denied, he provided no discovery for another thirty days. It appears that Mr. Piccone still has not complied with any of Smith's requests for the production of documents. While Mr. Piccone did, eventually, offer untimely responses to Smith's interrogatories, these responses were, as the Magistrate Judge found, inadequate. The record does not indicate that Mr. Piccone has in any way supplemented these responses. He has also not taken issue with the Magistrate Judge's assessment of them.

Mr. Piccone has, in short, frustrated Smith's lawful attempts to obtain discovery. Consequently, he has obstructed Smith's ability to have this case decided on its merits. He has concomitantly impeded the Magistrate Judge's efforts to manage the progress of this case to a conclusion. The case was filed four and a half year ago. Non-expert discovery was initially ordered to be completed by November 22, 2011. See Scheduling

10

Order, Feb. 22, 2011. Mr. Piccone's obstructive conduct has contributed significantly to prolonging the process of discovery and resolution of this case.

Additionally, Mr. Piccone has not complied with court orders as litigants must. Each of Mr. Piccone's requests for extensions of time was filed either at, or after, the deadline that had been imposed on him. In essence, Mr. Piccone "arrogated control of discovery to himself and changed the date of compliance to suit his own convenience." Damiani v. Rhode Island Hosp., 704 F.2d 12, 16 (1st Cir. 1983). Such conduct should not be "condoned by a slap on the wrist." Id.; see also Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 89 (1st Cir. 2012) (discussing "the folly of treating case-management orders as polite suggestions rather than firm directives").

The selection of the appropriate sanction is the product of "a complicated equation, balancing fairness to the parties with the need to manage crowded dockets." Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003); Mulero-Abreu, 675 F.3d at 91. Here, any hardship suffered by Mr. Piccone as a result of the dismissal of his case against Smith is outweighed by countervailing factors: Smith's right to discovery to prepare a defense and to obtain a reasonably prompt resolution of the claims against him; the court's obligation to manage its busy docket effectively; and

the need "to deter those who might be tempted to such conduct in the absence of such a deterrent." Damiani, 704 F.2d at 15 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). Although dismissal is a harsh sanction, the court agrees with the Magistrate Judge that it is the most appropriate sanction with regard to Mr. Piccone's claims against Smith.

### C.    Mr. Piccone's Suit Against the Dalton Defendants

The Dalton defendants also filed a motion to compel discovery from Mr. Piccone (Docket No. 79). In their motion, they asked that Mr. Piccone be required to supplement his responses to certain interrogatories; to identify the location of certain documents; and to produce a privilege log detailing documents that Mr. Piccone had declined to provide.

The Dalton defendants' motion to compel was allowed in part. See Electronic Order, Feb. 8, 2012. Mr. Piccone was ordered to supplement the discovery he had provided in various ways. In particular, he was ordered to produce a privilege log. The deadline set for compliance with the order compelling discovery was February 17, 2012. The Magistrate Judge reiterated the requirement that Mr. Piccone produce a privilege log in two subsequent orders. See Electronic Orders, Feb. 8, 2012, and Mar. 9, 2012.

12

On March 6, 2012, the Dalton defendants moved for sanctions against Mr. Piccone (Docket No. 101). The motion asserted that Mr. Piccone had still not produced a privilege log. The motion was allowed without opposition. See Electronic Order, Mar. 22, 2012. The Magistrate Judge found that dismissal would not be appropriate with regard to Mr. Piccone's claims against the Dalton defendants. Mr. Piccone was, however, ordered to pay the costs and fees incurred by the Dalton defendants in connection with their motion to compel. The Dalton defendants requested an award of $449.50. See Defs.' Schedule of Fees and Costs, Mar. 30, 2012 (Docket No. 114). Despite being afforded an opportunity to respond to this request, see Electronic Order, Mar. 22, 2012, Mr. Piccone did not do so. The Magistrate Judge appropriately ordered Mr. Piccone to pay the Dalton defendants $449.50 by April 25, 2012. See Electronic Order, Apr. 11, 2012.

Mr. Piccone did not comply with the Magistrate Judge's order that he pay the Dalton defendants' costs and fees. Instead, on April 25, 2012, the date payment was due, Mr. Piccone filed a "Notice" asserting his "inability to comply" with the order, due to his alleged limited financial resources (Docket No. 122). Mr. Piccone did not submit an affidavit or any evidence to support this contention. The Dalton defendants opposed Mr. Piccone's implied request that the Magistrate Judge

13

reconsider his order, in part because Mr. Piccone had repeatedly refused to produce information relating to his claim for lost earnings. The Magistrate Judge declined to reconsider his order, in part because Mr. Piccone had not filed a sworn financial affidavit or submitted any evidence of his inability to pay $449.50. Electronic Order, May 2, 2012.

Mr. Piccone still did not make the payment ordered by the Magistrate Judge. The Dalton defendants moved for additional sanctions (Docket No. 151). In his response to this motion, Mr. Piccone provided, under oath, more detailed assertions regarding his financial situation (Docket No. 153). The Magistrate Judge found these assertions both untimely and unconvincing, in part because Mr. Piccone still had not submitted a sworn financial affidavit or evidence of his inability to pay $449.50. See Mem. & Order, Nov. 7, 2012, at 3 (Docket No. 175). The Magistrate Judge ordered Mr. Piccone to pay the Dalton defendants' costs and fees by November 21, 2013. He warned Mr. Piccone that "failure to do so . . . will result in a recommendation to Chief Judge Mark L. Wolf that this case be dismissed." Id. at 4.

Mr. Piccone again did not comply. Defs.' Notification, Dec. 12, 2012 (Docket No. 190). As a result, the Magistrate Judge recommended, in the Second Report, that Mr. Piccone's claims against the Dalton defendants be dismissed as well. The

14

Magistrate Judge found that "it is apparent from both word and deed that [Mr. Piccone] has no intention to pay the sanction imposed, modest though it is." Second Order, at 7. The Magistrate Judge recognized that dismissal is an extreme sanction, but found this sanction appropriate in light of Mr. Piccone's "repeated violations of the court's orders and his failure to abide by even lesser sanctions to date." Id. at 6.

The Second Report was issued on January 29, 2013. The statutory 14-day deadline for filing any objections to the Report was, therefore, February 12, 2013. See 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). On February 12, 2013, Mr. Piccone sought an extension of thirty days to file an objection (Docket No. 199). The Magistrate Judge granted him an extension to March 8, 2013. See Electronic Order, Feb. 27, 2013 (Docket No. 200). The Order granting the extension stated that "[t]here shall be no further extensions." Id.

On March 14, 2013, Mr. Piccone filed an objection to the Second Report (Docket No. 201). The objection asserts, in substance, that Mr. Piccone is unable to pay $449.50. Mr. Piccone offers various explanations regarding the factors that persuaded the Magistrate Judge otherwise. He protests that the Magistrate Judge did not hold a hearing to determine the sanctions that are appropriate before making his recommendation.

15

Mr. Piccone's objection does not address the fact of its untimeliness. The Dalton defendants have consequently moved to strike the objection (Docket No. 202).

Because dismissal of a case is a particularly serious sanction, the court has considered Mr. Piccone's objection notwithstanding its untimeliness. The objection disputes most of the Second Report. This report must, therefore, be reviewed by this court de novo. See 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Although the Second Report is largely persuasive, and the recommended dismissal would be reasonable, the court is not dismissing the claims against the Dalton defendants. Rather, Mr. Piccone is being offered an opportunity to attempt to prove that he was unable to pay the $449.50 ordered by the Magistrate Judge as a sanction for his repeated recalcitrance.

Dismissal is a drastic sanction. Nevertheless, it may be appropriate where a party exhibits "willful disobedience of the court's order." Damiani, 704 F.2d at 16. As the First Circuit has stressed, "disobedience of court orders is inimical to the orderly administration of justice." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). Indeed, "[c]ourts cannot function if litigants may, with impunity, disobey lawful orders." HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988). If Mr. Piccone was able to pay $449.50 and

16

nevertheless disobeyed the Magistrate Judge's order imposing sanctions, dismissal is appropriate.

There is reason to believe that Mr. Piccone was able to pay the sanction and that his failure to do so was willful. As the Magistrate Judge noted, Mr. Piccone opposed neither the motion for sanctions against him (Docket No. 101) nor the schedule of fees and costs submitted by the Dalton defendants (Docket No. 114). Mr. Piccone is "admitted to the practice of law in Pennsylvania and before the United States Patent and Trademark Office." Mem. & Order, Nov. 7, 2012, at 3 (Docket No. 175). He has claimed to have a "busy litigation docket spanning numerous states" and commutes to his practice from Canada. Id. (citing Pl.'s Resp. to Ct.'s Order, Mar. 30, 2012 (Docket No. 117)). Mr. Piccone has produced "invoices from his former counsel which document his paying thousands of dollars in fees." Id. In other submissions, he has indicated "an ability . . . to retain a computer forensics expert." Second Report, at 8 (citing Pl.'s Objections to Magistrate Judge's Order, Nov. 28, 2012 (Docket No. 188)). He has also instituted another action in this court without seeking leave to proceed in forma pauperis. Id.

Mr. Piccone offers only his own declarations and explanations to support his position. This alone is not sufficient. See United States v. Rylander, 460 U.S. 752, 757-58

17

(1983) (a person does not satisfy even his burden of production with regard to an alleged inability to comply with a court order without providing testimony subject to cross-examination); United States ex rel. Thom v. Jenkins, 760 F.2d 736, 740 (7th Cir. 1985). Nor, on the present evidence of this case, would Mr. Piccone's statements under oath alone be sufficient to satisfy what would appear to be his ultimate burden to prove that he was unable to comply with the Magistrate Judge's order to pay sanctions in the amount of $449.50 if this were a civil contempt proceeding. See Maggio v. Zeitz, 333 U.S. 56, 75 (1948) (a person does not demonstrate an inability to pay "by evidence or by his own denials which the court finds incredible in context"); United States v. Puerto Rico, 642 F.3d 103, 108 n.8 (1st Cir. 2011) (citing Fortin v. Comm'r of Massachusetts Dept. of Pub. Welfare, 692 F.2d 790, 796 (1st Cir. 1982)); Star Fin. Services, Inc. v. AASTAR Mortg. Corp., 89 F.3d 5, 13-14 (1st Cir. 1996); In re Power Recovery Sys., Inc., 950 F.2d 798, 803-04 (1st Cir. 1991).

Mr. Piccone's conduct in other respects suggests that his failure to comply with the Magistrate Judge's order to pay sanctions was willful. As discussed previously, Mr. Piccone has repeatedly disregarded the Magistrate Judge's orders and the deadlines that they imposed. Time and again, he has sought

extensions on dates that would not permit him to comply if his requests for more time were denied. He has done so, indeed, even in filing with this court his objection to the Second Report.

Against this backdrop, the Magistrate Judge's conclusion that Mr. Piccone's failure to comply with his orders has been willful was reasonable. A decision to dismiss Mr. Piccone's claims against the Dalton defendants, as recommended by the Magistrate Judge, would also be reasonable. Nevertheless, given the policy that generally favors the resolution of cases on their merits, this court is providing Mr. Piccone another opportunity to try to establish that he was unable to pay the $449.50 in sanctions levied on him and, therefore, that his claim against the Dalton defendants should not be dismissed.

More specifically, Mr. Piccone is being ordered to file, under seal, and serve on the Dalton defendants a sworn financial affidavit, and supporting documentation, including his federal, state, and any Canadian tax returns since he filed this case in 2009. The documents and the information that they contain are being made subject to an appropriate protective order. After receiving the documents to be produced, the Dalton defendants shall take Mr. Piccone's deposition to explore his alleged prior inability to pay the previously ordered $449.50 sanction. Following that deposition, the court will conduct a hearing to

19

resolve any material disputed facts and decide whether the claims against the Dalton defendants shall be dismissed. Any failure by Mr. Piccone to meet the deadlines established by the order now being issued, including but not limited to failing to meet the deadlines for requesting an extension of time, will not be tolerated and will almost certainly result in the dismissal of Mr. Piccone's claims against the Dalton defendants.

The issue of whether the claims against the Dalton defendants should be dismissed will not be deemed to be moot if Mr. Piccone now pays the previously ordered $449.50 sanction. The issues of whether Mr. Piccone has willfully disobeyed orders and whether such recalcitrance should result in dismissal of these claims would nevertheless remain important to resolve.

D.  Mr. Piccone's Objections on Nondispositive Matters

If this court decides to follow the Magistrate Judge's recommendation and dismiss Mr. Piccone's claims against the Dalton defendants, Mr. Piccone's objections to the Magistrate Judge's orders regarding several nondispositive matters (Docket Nos. 135, 187, and 188) will be moot. The court is, therefore, not now deciding the issues raised by these objections.

20

IV.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1.  The Electronic Order of March 5, 2012, the attached Report and Recommendation of November 21, 2012 (Docket No. 179), and the attached Report and Recommendation of January 29, 2013 (Docket No. 198) are incorporated into this Memorandum and Order. That Order and the Reports are ADOPTED except to the extent that they are modified by this Memorandum and Order.

2.  The court construes Defendants John W. Bartels, Jr., John M. Marley and Town of Dalton's Motion for Default as to Plaintiff Elena Piccone (Docket No. 99) as a motion to dismiss for failure to prosecute, under Federal Rule of Civil Procedure 41(b), and as a motion for sanctions for failure to comply with a discovery order, under Federal Rule of Civil Procedure 37(b)(2)(A)(v). That motion is ALLOWED. Mrs. Piccone's claims against all defendants are, therefore, DISMISSED.

3.  Defendant Richard Smith's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (Docket No. 102) is ALLOWED and, therefore, Mr. Piccone's claims against Smith are DISMISSED.

4.  Defendants John W. Bartels, Jr., John M. Marley and Town of Dalton's Motion to Strike (Docket No. 202) is DENIED.

5.  By April 16, 2013, Mr. Piccone shall file, under seal, and serve on the Dalton defendants: (a) a sworn financial statement that includes at least the information required by the CJA 23 Form which is attached hereto; (b) the documents relevant to determining the accuracy of the representations made in the affidavit concerning his employment, income, assets, property, accounts, obligations, and debts; and (c) his United States, Massachusetts, and any Canada tax returns for the years 2009, 2010, 2011, and 2012.

6.  Any documents submitted by Mr. Piccone pursuant to paragraph 5 hereinabove shall be subject to the following restrictions:

(a)  These documents and the information they contain shall be disclosed only to the Dalton defendants, their counsel, and the individuals necessary to assist their counsel in this case.

(b)  These documents and the information they contain shall be used solely for the purpose of litigating this case.

(c)  Any submission to the court that refers to these documents or to the information they contain shall be filed: (i) at least temporarily under seal; and (ii) with a proposed redacted version to be made part of

22

the public record, upon order of the court, if the complete document is not unsealed.

7.  On April 24, 2013, the Dalton defendants shall take the deposition of Mr. Piccone, in Massachusetts, to examine his contention that he was unable to comply with the orders to pay $449.50 as sanctions.

8.  The parties shall, by April 30, 2013, file memoranda and supporting affidavits and/or documents addressing whether Mr. Piccone should be found to have been unable to comply with the orders that he pay $449.50 as sanctions. The parties shall also identify the witnesses and evidence that they propose to present at the hearing to address the issue.

9.  A hearing to determine whether Mr. Piccone was unable to pay the sanctions ordered will be held on May 3, 2013, at 2:30 p.m. Mr. Piccone shall be present to testify. Any other proposed witnesses shall also be present.

10.  The court intends that all of the deadlines imposed by this Order shall be met. The court will not consider any request that any such deadline be extended unless: (a) it is filed at least seven days before the deadline it seeks to modify; (b) it complies with Local Rule 7.1 of the United States District Court for the District of Massachusetts; and (c) it provides true good cause for the extension sought.

10.  Any failure by Mr. Piccone to comply with this Order will likely result in the dismissal of the remaining claims against the Dalton defendants. See Mulero-Abreu, 675 F.3d at 89.

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS PICCONE,                          )
                         Plaintiff      )
                                        )
                                        )
          v.                            )          Civil Action No. 09-30146-MLW
                                        )
                                        )
ANGELO MCCLAIN, LYNNE REBER,            )
JOAN MAZZEO, HEATHER                    )
NIETSCHE, IRENE WOODS, LANCE            )
LAPOINTE, JANET RICE,                   )
JOHN W. BARTELS, JR., JOHN M.           )
MARLEY, TOWN OF DALTON, and             )
RICHARD SMITH,                          )
                         Defendants     )

REPORT AND RECOMMENDATION WITH REGARD TO
PLAINTIFF'S RESPONSE TO THE COURT'S MARCH 22, 2012
ORDER TO SHOW CAUSE WHY DEFAULT JUDGMENT SHOULD NOT
BE ENTERED WITH REGARD TO HIS CASE AGAINST
DEFENDANT RICHARD SMITH   (Document No. 117)
November 21, 2012

NEIMAN, U.S.M.J.

Presently before the court is Louis Piccone ("Plaintiff")'s request, in response to

the court's electronic order of March 22, 2012, that a default judgment not enter against

him with regard to his claims against one of the defendants in this matter, Richard

Smith.  For the reasons which follow, the court will decline to remove the previously

entered default against him and will recommend, pursuant to 28 U.S.C. § 636(b), that a

default judgment be entered in favor of Defendant Smith with respect to all of Plaintiff's

claims.  As will become evident, Plaintiff finds himself in this position not only because

of his failure to abide by certain orders of this court but because of the inadequate

explanations he has proffered in response to the court's order to show cause.

BACKGROUND

On March 22, 2012, when ruling on Defendant Smith's Motion for Sanctions

(Document No. 102), without timely opposition from Plaintiff, the court stated that "it is

clear beyond doubt that Plaintiff Louis Piccone, despite having been given an extension

of time at his request, has failed to provide discovery to Defendant [Smith] or, as well, to

comply with the court's orders to do so.  Accordingly," the court continued, "Plaintiff is

hereby defaulted with respect to his claims against Defendant Smith; [and] a default

judgment shall enter unless, by March 30, 2012, Plaintiff demonstrates good cause to

the contrary."  The court also ordered Plaintiff to pay Defendant Smith the reasonable

fees and costs associated with his filing the motion for sanctions, which the court

subsequently granted in the amount of $1,037.50, said amount to be paid by April 25,

2012.  Plaintiff filed his response to the court's show cause order on March 30, 2012.

As best as the court presently understands, Plaintiff is an attorney licensed to

practice both in Pennsylvania and before the Patent and Trademark Office, but not in

Massachusetts.  He and his wife Elena Piccone, who has since been defaulted herself,

were originally represented by counsel with regard to the instant complaint filed on

August 25, 2009.  (See Document No. 1.)  That counsel, however, withdrew with

permission of the court on November 4, 2011.  (See Document No. 64 and Electronic

2

Order dated November 4, 2011.)  Shortly thereafter, substitute counsel filed an

appearance on behalf of Plaintiff but not Elena Piccone.  (See Document No. 66.)  At

that time, counsel also filed a motion to have Plaintiff appear *pro hoc vice* (see

Document Nos. 67 and 73), but the motion was subsequently withdrawn (Document No.

77).[1]

The court acknowledged the withdrawal of the motion in an electronic order

dated December 13, 2011.  At the same time, the court reminded Elena Piccone that,

as a *pro se* plaintiff and in accord with a prior order of the court, "she is to appear at all

court proceedings when scheduled and to individually sign all documents filed by her."

Elena Piccone did not thereafter appear or respond to any discovery and has since

been defaulted with respect to all her claims against all defendants.  (See Electronic

Orders of February 8, 2002 and March 5, 2012.)  On March 27, 2012, Plaintiff's most

recent counsel also moved to withdraw (see Document No. 109), which motion was

granted after a hearing on March 28, 2012, and without objection.  Plaintiff has since

proceeded *pro se*.

DISCUSSION

In response to the court's order to show cause, Plaintiff asserts that a default

judgment ought not enter against him with respect to his claims against Defendant

---

[1] It should be noted that, in a separate matter, the court had previously denied a similar motion for Mr. Piccone to appear *pro hac vice*, the court having concluded that he had been practicing here in Massachusetts without being authorized to do so and that his conduct had been "frequently inappropriate and unprofessional."  *Pease v. Burns*, 679 F. Supp. 2d 161, 165 (D. Mass. 2010).

Smith because those claims are in fact viable, as demonstrated by District Judge

Michael A. Ponsor's denial of Defendant Smith's motion to dismiss, *see Piccone v.*

*McClain*, 720 F. Supp. 2d 139, 151-52 (D. Mass. 2010), because the sanction would be

too severe for the discovery violation at issue, and because Plaintiff had since provided

the discovery responses ordered.  The court is not at all persuaded.

First, Plaintiff's arguments to the contrary, the viability of Plaintiff's claim against

Defendant Smith is questionable; as Plaintiff himself acknowledges, Judge Ponsor

found it difficult to discern what damages, if any, were suffered by Plaintiff as a result of

Defendant Smith's actions. *Id.* at 152.  Be that as it may, Plaintiff's present overwrought

argument about Defendant Smith (characterizing him as a "dirty cop" and cautioning the

court against creating the appearance of lacking interest "in rooting out corruption in the

State Police") does little to excuse Plaintiff's abject failure to abide by certain of this

court's discovery orders.  (Document No. 117.)  In short, it is Plaintiff himself who,

through his own actions, has placed into jeopardy the continuing viability of the case he

wishes to pursue against Defendant Smith, if not the other defendants as well.

Second, Plaintiff's attempt to excuse his failure to provide timely answers to

Defendant Smith's discovery requests misrepresents the history of the court's actions

and avoids responsibility for his own. As Plaintiff would have it, his inability to complete

discovery responses in a timely manner boils down to the court having denied his

request, through counsel, for a two-day extension.  This is not accurate.

The genesis of the issue goes back to the scheduling conference of February 22,

4

2011, held after Judge Ponsor had addressed various motions to dismiss filed by the various defendants, together with a motion for reconsideration and a motion for entry of judgment.  The court's schedule called for the completion of non-expert discovery by November 22, 2011, and expert disclosures by the end of that year, to be followed by summary judgment motions and a hearing on April 2, 2012.  (See Document Nos. 62 and 63.)  As described, Plaintiff's original counsel withdrew without objection, whereupon the court reminded Plaintiff and his co-plaintiff Elena Piccone that they remained bound by the court's February 22, 2011 scheduling order, with the proviso that the case had since been redrawn to Chief Judge Mark L. Wolf.  (See Electronic Order, November 4, 2011.)   On November 23, 2011, however, given the uncertainty as to whether Plaintiff's substitute counsel would be filing an appearance on behalf of Elena Piccone, the court revised the schedule.  (See Document No. 74.)  The court directed the parties to file any motions related to pending discovery by December 30, 2011, and ordered them to appear for a case management conference on January 31, 2012, at which time the court would establish a schedule for depositions, expert discovery, and summary judgment motions

Quite a number of discovery motions were thereafter filed by the parties, including Defendant Smith's motion to compel Plaintiff to respond to interrogatories and requests for documents, originally served on him on September 16, 2011.  (See Document No. 81.)  Defendant Smith explained that Plaintiff had failed to respond in a timely fashion and that, on November 18, 2011, upon inquiry, Plaintiff's new counsel

explained that the discovery would be produced on November 21, 2011.  Plaintiff,

however, did not answer the interrogatories by that date and further efforts on

Defendant Smith's part to obtain answers had been unsuccessful.  (Id. at Exhibits A

through F.)  On February 7, 2012, by which time no opposition had been filed, the court

granted Defendant Smith's motion to compel and ordered Plaintiff to respond to the

discovery, if he had not already done so, no later than February 14, 2012.  February

14th came and went without Plaintiff's compliance.

On February 16, 2012, Plaintiff moved to extend the time to February 27, 2012,

to reply to Defendant Smith's discovery.  (See Document No. 95.)  In applicable part,

Plaintiff's counsel explained that Mr. Piccone himself "has had a heavy litigation case

load over the past several weeks which will continue through the end of the week of

February 24, 2012."  (Id.)  Further, Plaintiff asserted, the extended time period was

"relatively brief" and would not prejudice Defendant Smith in any way.  (Id.)  Although

Defendant Smith refused to consent to Plaintiff's motion, the court granted the motion

on February 17, 2012.  Plaintiff, however, again failed to comply and the court denied

his motion for a two-day extension, filed at 8:15 p.m. on February 27, 2012.  (See

Document No. 98.)[2]

---

[2] Plaintiff now claims to have needed the two additional days because he was
scheduled to represent a criminal defendant at a trial in another state on March 12 and
13, 2012.  (See Document No. 117 at page 7.)  Plaintiff also explains that he "was
actively engaged in preparation for trial of another man's liberty interest as well as
managing a busy litigation docket spanning numerous states."  (Id.)  What Plaintiff fails
to explain is that he was represented by counsel at the time, said counsel not having
moved to withdraw until March 27, 2012.

As indicated, Defendant Smith's later motion for sanctions, filed on November 6,

2012, was granted by the court on March 22, 2012, without any opposition having been

filed by Plaintiff.  In its entirety, the court's order reads as follows:

> Electronic Order entered granting without timely opposition
> [102] Defendant Richard Smith's Motion for Sanctions.  As
> set forth in Defendant's motion, it is clear beyond doubt that
> Plaintiff Louis Piccone, despite having been given an
> extension of time at his request, has failed to provide
> discovery to Defendant and, as well, to comply with the
> court's orders to do so.  Accordingly, Plaintiff is hereby
> defaulted with respect to his claims against Defendant
> Smith; a default judgment shall enter unless by March 30,
> 2012, Plaintiff demonstrates good cause to the contrary.  In
> addition, Plaintiff is ordered to pay Defendant the reasonable
> fees and costs associated with Defendant's filing this motion;
> Defendant shall file a schedule of such fees and costs by
> March 30, 2012, to which Plaintiff may respond by April 6,
> 2012.  So ordered.

(Electronic Order, March 22, 2012.)  Even now, Plaintiff does not profess to have ever

provided any response to Defendant Smith's discovery until March 30, 2012.  (See

Document No. 117.)  Given this background, Plaintiff's abject failure to produce the

discovery in a timely manner can hardly be attributed to the court's refusal on February

28, 2012, to grant him another two days to respond to discovery requests.

Third, Plaintiff's assertion that he has since complied with his discovery

obligations is hardly accurate.  As Defendant Smith points out in his response

(Document No. 119), Plaintiff failed to provide his answers under oath and over his own

signature, failed to identify records in sufficient detail to enable Defendant Smith to

locate and identify relevant documents, responded to a number of interrogatories with

7

vague references to other matters, *e.g.*, "the extant documents of the Plaintiff's civil and criminal cases which Defendant Smith is believed to have copies of," and provided yet other inadequate responses too numerous to list here.  (See id. at pages 2 through 11.)  As Defendant Smith argues, Plaintiff's responses were, at best, a "slap dash effort to put something on paper so he can claim he responded."  (Id. at 7.)

In short, Plaintiff has failed to show the court any conscientious endeavor on his part to provide the requested discovery.  To provide Plaintiff the opportunity now to remedy the situation and provide revised responses, an alternative the court has considered, would be a fruitless endeavor and would unfairly further delay matters with respect to the remaining defendants.  As the First Circuit recently suggested, it would be "folly [t]o treat[] case-management orders as polite suggestions rather than firm directives." *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 89 (1st Cir. 2012) (upholding dismissal of suit as sanction for noncompliance with orders ro respond to discovery).

Granted, the sanction of dismissal is significant.  As the First Circuit explained in *Mulero-Abreu*, however, "[t]he Civil Rules endow trial judges with formidable case management authority," *id*. at 91 (quoting *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)), including Rule 16(f) "which authorizes a district court to issue, sua sponte, 'any just orders . . . if a party or its attorney . . . Fails to obey a scheduling or other pretrial order.'" *Id*. (quoting Fed. R. Civ. P. 16(f)(1)(C)).  "This provision" the First Circuit continued, "incorporates by reference a menu of sanctions enumerated in Rule

8

37, including 'dismissing the action . . . in whole or in part." *Id.* (citing Fed. R. Civ. P.

16(f)(1), 37(b)(2)(A)(v)).  *See also Companion Health Services, Inc. v. Kurtz*, 675 F.3d

75, 84 (1st Cir. 2012) (Rule 37(b) "provides a 'veritable arsenal of sanctions' in the

context of discovery") (quoting *Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7

(1st Cir. 2011)).

Here, in recommending that the dismissal sanction be imposed as to Plaintiff's

claims against Defendant Smith, the court has considered the "complicated equation"

referenced in *Mulero-Abreu*, "balancing fairness to the parties with the need to manage

crowded dockets." *Id.*, 675 F.3d at 91 (quoting *Macaulay v. Anas*, 321 F.3d 45, 51 (1st

Cir. 2003)).  As in *Mulero-Abreu*, the chronology of events here, the repeated failures on

Plaintiff's part to respond to Defendant Smith's discovery, and the general inadequacy

of the belated discovery he finally proffered, including references to material and a

"trove of documents" through which Defendant Smith would be forced to rummage, all

call for dismissal.  Most specifically, as in *Mulero-Abreu*, Plaintiff's "failure to provide the

required responses to both interrogatories and requests for production was in flagrant

disregard of multiple court orders." *Id.* at 93-94.  *See also Young v. Gordon*, 330 F.3d

76, 81 (1st Cir. 2003) ("disobedience of court orders is inimical to the orderly

administration of justice and, in and of itself, can constitute extreme misconduct").

As importantly, there is no indication, given Plaintiff's posturing, that he would be

willing and able to remedy his failures vis-a-vis Defendant Smith.  Moreover, Plaintiff's

arguments to the contrary, Defendant Smith is a relatively minor player here and any

further delay that would be occasioned by Plaintiff having a renewed opportunity to respond to Defendant Smith's discovery would doubtless come up short and further delay the resolution of this matter as it concerns the true targets of his lawsuit, the Town Defendants comprised of John Bartels, Jr., John Marley, and the Town of Dalton).[3]  *See Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 25 (1st Cir. 2006) (district court need not consider or try lesser sanctions before imposing dismissal).  In brief, what occurred here was not a single instance of misconduct, *compare Companion Health Services*, 675 F.3d at 85, but repeated failures meriting a serious sanction.  *See Crispin-Taveras*, 647 F.3d at 7 (the "drastic sanction" of dismissal "provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice.") (quoting *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 51 (1st Cir. 2009)) (internal quotation marks omitted).

CONCLUSION

For the reasons stated, the court recommends that a default judgment enter against Plaintiff as to his claims against Defendant Smith and that those claims be dismissed as a sanction for Plaintiff's failure to abide by the orders of this court.[4]

---

[3] Plaintiff initially brought suit against other defendants as well, *i.e.*, certain employees of the Department of Children and Families, all of whom were dismissed from this action by District Judge Michael A. Ponsor on July 2, 2012.  (See Document No. 44.)

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the

DATED: November 21, 2012

/s/  Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS PICCONE, )<br><br>Plaintiff )<br><br>v. )<br><br>ANGELO MCCLAIN, LYNNE REBER, )<br>JOAN MAZZEO, HEATHER )<br>NIETSCHE, IRENE WOODS, )<br>LANCE LAPOINTE, JANET RICE, )<br>JOHN W. BARTELS, JR., JOHN M. )<br>MARLEY, TOWN OF DALTON, )<br>AND RICHARD SMITH, )<br><br>Defendants ) | Civil Action No. 09-30146-MLW |

REPORT AND RECOMMENDATION WITH REGARD TO
THE TOWN DEFENDANTS' NOTIFICATION (Document No. 190)
PURSUANT TO THE COURT'S MEMORANDUM AND ORDER WITH
REGARD TO THEIR MOTION FOR FURTHER SANCTIONS (Document No. 175)
January 29, 2013

NEIMAN, U.S.M.J.

Presently before the court is the December 12, 2012 Notification by the Town

Defendants - - John W. Bartels, Jr., John M. Marley, and the Town of Dalton - - that

Louis Piccone ("Plaintiff") has failed to pay the sanction re-affirmed by the court on

November 7, 2012. (See Document No. 175.) At that time, the court once again

ordered Plaintiff to pay the $449.50 sanction to the Town Defendants forthwith and in

no event later than November 21, 2012. The court also made clear that Plaintiff's

failure to do so, which could be confirmed by Defendants' written notice to the court,

would result in a recommendation to Chief Judge Mark L. Wolf that his case against the

Town Defendants be dismissed.  That time has now come.

For the reasons which follow, the court will recommend, pursuant to 28 U.S.C. § 636(b), that a default judgment be entered in favor of the Town Defendants with respect to all of Plaintiff's claims.  As will become evident, Plaintiff has flaunted the orders of this court - - not only in this instance but others as well - - and has purposefully left the court with no alternative but dismissal of his claims against the Town Defendants.

The court notes that Plaintiff, together with his wife Elena Piccone, initially brought suit against other defendants as well, *i.e.*, certain employees of the Department of Children and Families, all of whom were dismissed from this action by District Judge Michael A. Ponsor on July 2, 2012.  (See Document No. 44.)  As explained below, Elena Piccone has since been defaulted with regard to all of her claims.  The court also notes that on November 21, 2012, it recommended the dismissal of all of Plaintiff's claims against Defendant Richard Smith for a similar failure to pay sanctions.  (See Document No. 179.)  Plaintiff has not filed a timely opposition to that recommendation. Should that recommendation and the instant recommendation both be adopted, this case would end.

Background

At the risk of being repetitive, the court sets forth the following background.

As best the court presently understands, Plaintiff is an attorney licensed to practice both in Pennsylvania and before the Patent and Trademark Office, but not in Massachusetts.  He and his wife Elena Piccone were originally represented by counsel

2

with regard to the instant complaint filed on August 25, 2009.  (See Document No. 1.)

That counsel, however, withdrew with permission of the court on November 4, 2011.

(See Document No. 64 and Electronic Order dated November 4, 2011.)  Shortly

thereafter, substitute counsel filed an appearance on behalf of Plaintiff but not Elena

Piccone.  (See Document No. 66.)  At that time, counsel also filed a motion to have

Plaintiff appear *pro hoc vice* (see Document Nos. 67 and 73), but the motion was

subsequently withdrawn.  (Document No. 77).[1]

The court acknowledged the withdrawal of the motion in an electronic order

dated December 13, 2011.  At the same time, the court reminded Elena Piccone that,

as a *pro se* plaintiff and in accord with a prior order of the court, "she is to appear at all

court proceedings when scheduled and to individually sign all documents filed by her."

Elena Piccone did not thereafter appear or respond to any discovery and was defaulted

with respect to all her claims against all defendants.  (See Electronic Orders of

February 8, 2002 and March 5, 2012.)  On March 27, 2012, Plaintiff's most recent

counsel also moved to withdraw (see Document No. 109), which motion was granted

after a hearing on March 28, 2012, and without objection.  Plaintiff has since proceeded

alone and *pro se*.

As to the instant issue, the court sets forth below the genesis of its

---

[1] It should be noted that, in a separate matter, the court had previously denied a similar motion for Louis Piccone to appear *pro hac vice*, the court having concluded that he had been practicing law here in Massachusetts without being authorized to do so and that his conduct had been "frequently inappropriate and unprofessional."  *Pease v. Burns*, 679 F. Supp.2d 161, 165 (D. Mass. 2010).

recommendation as follows. On March 22, 2012, the court allowed in part the Town

Defendants' unopposed motion for sanctions

> in light of Plaintiff Louis Piccone's failure to timely comply
> with the court's orders to produce documents and a privilege
> log.  Finding that dismissal is not an appropriate sanction,
> however, the court orders Plaintiff to pay the costs and fees
> incurred by the Town Defendants in pursuing this motion.
> The Town Defendants, by March 30, 2012, may file a
> schedule of fees and costs, to which Plaintiff may respond
> by April 6, 2012.

(Electronic Order, March 22, 2012.)  Thereafter, on April 11, 2012, the court allowed

the Town Defendants' schedule of fees and costs as follows:

> ELECTRONIC ORDER entered granting without any timely
> objection [114] the Town Defendants' Schedule of Fees and
> Costs submitted in compliance with the court's electronic
> ruling of March 22, 2012.  Accordingly, Plaintiff Louis
> Piccone shall pay the Town Defendants $449.50 no later
> than April 25, 2012, the court having found the hours and
> rates reasonable.

(Electronic Order, April 11, 2012.)  Shortly thereafter, on April 25, 2012, Plaintiff

asserted that he would not pay the sanction imposed due to his "minimal income"

(Document No. 122), whereupon the court on May 2, 2012, entered the following order:

> ELECTRONIC ORDER entered denying [122] Plaintiff Louis Piccone's
> Notice of Inability to Comply, to the extent it may be deemed a motion for
> reconsideration of the court's prior orders regarding sanctions.  In addition
> to the fact that Plaintiff had failed to oppose either the motions for sanctions
> or the schedule of costs filed by the various defendants, he has failed to
> support his assertion of "minimal income" by way of a sworn financial
> affidavit and/or the submission of evidence.

(Electronic Order, May 2, 2012.)

In response, Plaintiff "certified" that his "estimated income, excluding loans from

4

family members to pay, for example, attorneys fees or other expenses for each year

since January, 2008, is estimated to be less than $12,000.00 each year on [sic] which

the Plaintiff has had to support his wife, who has not been able to work because of her

Canadian immigration status, and three children." (Plaintiff's Opposition (Document

No. 153) at 6.) "In fact," Plaintiff went on, "for three of the last five years Plaintiff will

estimate his income to be less than $6,000.00." (Id.) Plaintiff also offered to submit "a

detailed description of the privations the Piccone family has been forced to suffer at the

hands of the Defendants to more fully familiarize the Court with the consequences of

the Defendants' actions." (Id.)

The court found Plaintiff's offer of proof not only late but unconvincing. As the

above exposition makes clear, Plaintiff not only failed to object to the Town Defendants'

original motion for sanctions but to their schedule of fees and costs. Moreover, Plaintiff

had again failed to support his claims by way of a sworn financial affidavit or the

submission of evidence. At best, he "certified" that the "estimates" of his income were

accurate. (Id.) In contrast, the Town Defendants pointed to evidence that Plaintiff had

the ability to pay the relatively modest sanction of $449.50. In a prior response to this

court's order (Document No. 117), for example, Plaintiff represented that he had a

"busy litigation docket spanning numerous states" and that he commuted to his practice

from Canada.  Further, when compelled to do so by the court, Plaintiff produced to the

Town Defendants invoices from his former counsel which document his paying

thousands of dollars in fees.

Finding Plaintiff's attempt to explain away his failure to pay the sanction unavailing, the court again ordered Plaintiff to pay the $449.50 amount to the Town Defendants forthwith and in no event later than November 21, 2012.  The court also specifically warned Plaintiff that his failure to do so *will* result in a recommendation that his case be dismissed.  Plaintiff has neither paid the sanction to the Town Defendants nor responded to their Notification to that effect.

DISCUSSION

In recommending that Plaintiff's claims against the Town Defendants be dismissed, the court is aware that "dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme."  *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003).  Moreover, "dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order."  *Id.* Nevertheless, given Plaintiff's repeated violations of the court's orders and his failure to abide by even lesser sanctions to date, it is, in the court's view, appropriate to dismiss the action.  *See Stinton v. McCarthy*, 2011 WL 841187, at *2 (D. Mass. March 4, 2011) ("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.'") (quoting *Young*, 330 F.3d at 81); *see also HMG Prop. Inv., Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 916 (1st Cir. 1988) ("Courts cannot function if litigants may, with impunity, disobey lawful orders.").

As was true with regard to Defendant Smith, there is no indication that Plaintiff

has been willing to remedy his failure to pay the modest sanction to the Town

Defendants. *See Dias-Fonseca v. Puerto Rico*, 451 F.3d 13, 25 (1st Cir. 2006) (district

court need not consider or try lesser sanctions before imposing dismissal). In brief,

what has occurred here is not a single failure on Plaintiff's part to abide, *compare

Companion Health Servs., Inc., v. Kurtz*, 675 F.3d 75, 85 (1st Cir. 2012), but repeated

failures to comply with the court's orders, meriting a serious sanction. *See Crispin-

Taveras v. Municipality of Carolina*, 647 F.3d 7 (1st Cir. 2011) (the "drastic sanction" of

dismissal "provides a useful remedy when a litigant is confronted by an obstructionist

adversary and plays a constructive role in maintaining the orderly and efficient

administration of justice.") (quoting *Remexcel Managerial Consultants, Inc. v. Arlequin*,

583 F.3d 45, 51 (1st Cir. 2009)) (internal quotation marks omitted). Failure to pay the

court-ordered sanction is reason enough for dismissal. *See D'Amario v. Russo*, 1996

WL 666766, * 3 (D.R.I. Nov. 12, 1996) ("Courts have inherent power to dismiss actions

for nonpayment of costs in prior actions, and this power also extends as here, to a

litigant's failure to pay previously imposed sanctions.") (citing *Hymes v. United States*,

933 F.2d 701, 702 (9th Cir. 1993), and *Hacopian v. United States Department of Labor*,

709 F.2d 1295, 1297 (9th Cir. 1983).).

Unfortunately, it is apparent from both word and deed that Plaintiff has no

intention to pay the sanction imposed, modest though it is. Indeed, as the Town

Defendants point out, Plaintiff has otherwise continued this litigation without any

apparent concern about his ability to meet other ongoing expenditures, his

7

protestations to the contrary notwithstanding.  For example, Plaintiff's objection to the

court's order denying a motion to compel (see Document No. 188) indicates an ability

on his part to retain a computer forensics expert.  In addition, Plaintiff has had the

wherewithal to institute yet another action in this court, *Piccone v. Dickenson, et al.*,

Civil Action No. 12-cv-30127-MAP, without seeking leave to proceed *in forma pauperis.*

Given such obstinacy on Plaintiff's part and the fact that no more modest a

sanction is appropriate, dismissal is called for, *see Farm Construction Services, Inc. v.

Fudge*, 831 F.2d 18, 20 (1st Cir. 1987) ("A court is not necessarily required to attempt

less severe sanctions before turning to the sanction of dismissal"), especially in light of

the specific warning issued to Plaintiff.  *See HMG Prop. Inv., Inc.*, 847 F.2d at 918 ("the

law is well established in this circuit that where a noncompliant litigant has manifested

a disregard for orders of the court and has been suitably forewarned of the

consequences of continued intransigence, a trial judge need not first exhaust milder

sanctions before resorting to dismissal.").

## CONCLUSION

For the reasons stated, the court recommends that a default judgment enter

against Plaintiff as to his claims against the Town Defendants and that those claims be

dismissed as a sanction for his failure to abide by the orders of this court.[2]

---

[2]  Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's

DATED: January 29, 2013

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. MAGISTRATE JUDGE

receipt of this Report and Recommendation.  The written objection must specifically
identify the portion of the proposed findings or recommendations to which objection is
made and the basis for such objection.  The parties are further advised that failure to
comply with this rule shall preclude further appellate review by the Court of Appeals of
the District Court order entered pursuant to this Report and Recommendation.  *See
Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United
States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d
13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982);
*Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also
Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

**CJA 23**
**(Rev. 11/11)**

# FINANCIAL AFFIDAVIT
### IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

**IN THE UNITED STATES** ☐ DISTRICT COURT   ☐ COURT OF APPEALS   ☐ OTHER *(Specify below)*

IN THE CASE OF

|  | v. |
|---|---|
|  |  |

FOR _____

AT _____

**LOCATION NUMBER**

PERSON REPRESENTED *(Show your full name)*

| | | |
|---|---|---|
| 1 ☐ | Defendant - Adult |
| 2 ☐ | Defendant - Juvenile |
| 3 ☐ | Appellant |
| 4 ☐ | Probation Violator |
| 5 ☐ | Supervised Release Violator |
| 5 ☐ | Habeas Petitioner |
| 7 ☐ | 2255 Petitioner |
| 8 ☐ | Material Witness |
| 9 ☐ | Other *(Specify)* |

**DOCKET NUMBERS**
Magistrate Judge

District Court

Court of Appeals

CHARGE/OFFENSE *(describe if applicable & check box →)*   ☐ Felony   ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**

Are you now employed?   ☐ Yes   ☐ No   ☐ Self-Employed

Name and address of employer: _____

**IF YES,** how much do you earn per month? $ _____

**IF NO,** give month and year of last employment? _____
How much did you earn per month? $ _____

If married, is your spouse employed?   ☐ Yes   ☐ No

**IF YES,** how much does your spouse earn per month? $ _____

If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?   ☐ Yes   ☐ No

| | RECEIVED | SOURCES |
|---|---|---|
| **IF YES,** give the amount received and identify the sources | $ _____ | _____ |
| | $ _____ | _____ |
| | $ _____ | _____ |

**CASH**

Do you have any cash on hand or money in savings or checking accounts?   ☐ Yes   ☐ No   **IF YES,** total amount? $ _____

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?   ☐ Yes   ☐ No

| | VALUE | DESCRIPTION |
|---|---|---|
| **IF YES,** give value and description for each | $ _____ | _____ |
| | $ _____ | _____ |
| | $ _____ | _____ |
| | $ _____ | _____ |

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
___ Single
___ Married
___ Widowed
___ Separated or Divorced

Total No. of Dependents

List persons you actually support and your relationship to them
_____
_____
_____

**DEBTS & MONTHLY BILLS**
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |

I certify under penalty of perjury that the foregoing is true and correct.

_____
SIGNATURE OF DEFENDANT
*(OR PERSON REPRESENTED)*

Date _____