```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

LOUIS PICCONE, ET AL.,          )
    Plaintiffs,                 )
                                )
v.                              )    C.A. No. 09-30146-MLW
                                )
ANGELO MCCLAIN, ET AL.,         )
    Defendants.                 )

                    MEMORANDUM AND ORDER

WOLF, D.J.                                      April 23, 2013

    As fully described in this court's 24-page March 20, 2013 Memorandum and Order, the Magistrate Judge recommended that plaintiff Louis Piccone's remaining claims against the remaining defendants (sometimes the "Dalton defendants") be dismissed because of Piccone's repeated failure to comply with the Magistrate Judge's orders relating to discovery and discovery related sanctions. The final failure to obey an order of the Magistrate Judge involved Piccone's failure to pay $449.50 as a sanction for his violation of orders directing Piccone to provide certain discovery sought by defendants. Piccone claimed that he was unable to pay the $449.50 sanction, but did not submit evidence to substantiate this contention. Piccone was warned that if he did not pay the overdue sanction by November 21, 2012, the Magistrate Judge would recommend to this court that this case be dismissed. Piccone did not make the required payment and, as represented, the Magistrate recommended dismissal of this case.

For the reasons described in detail in the March 20, 2013 Memorandum and Order, this court found that:

> [T]he Magistrate Judge's conclusion that Mr. Piccone's failure to comply with his orders has been willful was reasonable. A decision to dismiss Mr. Piccone's claims against the Dalton defendants, as recommended by the Magistrate Judge, would also be reasonable. Nevertheless, given the policy that generally favors the resolution of cases on their merits, this court is providing Mr. Piccone another opportunity to try to establish that he was unable to pay the $449.50 in sanctions levied on him and, therefore, that his claim against the Dalton defendants should not be dismissed.
>
> More specifically, Mr. Piccone is being ordered to file, under seal, and serve on the Dalton defendants a sworn financial affidavit, and supporting documentation, including the federal, state, and any Canadian tax returns since he filed this case in 2009. The documents and the information that they contain are being made subject to an appropriate protective order. After receiving the documents to be produced, the Dalton defendants shall take Mr. Piccone's deposition to explore his alleged prior inability to pay the previously ordered $449.50 sanction. Following that deposition, the court will conduct a hearing to resolve any material disputed facts and decide whether the claims against the Dalton defendants shall be dismissed. <u>Any failure by Mr. Piccone to meet the deadlines established by the order now being issued, including but not limited to failing to meet the deadlines for requesting an extension of time, will not be tolerated and will almost certainly result in the dismissal of Mr. Piccone's claims against the Dalton defendants.</u>

March 20, 2013 Memorandum and Order at 19-20 (emphasis added).

The Order implementing this decision stated, in part, that:

> By April 16, 2013, Mr. Piccone shall file, under seal, and serve on the Dalton defendants: (a) a sworn financial statement that includes at least the information required by the CJA 23 Form which is attached hereto; (b) the

documents relevant to determining the accuracy of the representations made in the affidavit concerning his employment, income, assets, property, accounts, obligations, and debts; and (c) his United States, Massachusetts, and any Canada tax returns for the years 2009, 2010, 2011, and 2012.

Id. at 22. It was further ordered that after receiving the foregoing documents, defendants were to take Piccone's deposition on April 24, 2013; the parties were to file memoranda, and identify potential witnesses and evidence by April 30, 2013; and a hearing would be held on May 3, 2013 to determine whether Piccone should be found to have been unable to comply with the Magistrate Judge's orders that he pay $449.50 as sanctions. Id. at 23. The Memorandum and Order concluded by reiterating that "[a]ny failure by Mr. Piccone to comply with this Order will likely result in the dismissal of the remaining claims against the Dalton defendants. See Mulero-Abreu [v. Puerto Rico Police Department, 675 F.3d 88, 89 (1st Cir. 2002)]." Id. at 24.

On April 4, 2013, Piccone filed a verified financial statement. In that statement he wrote that, "I will be supplementing this affidavit with copies of my tax filings in the next several days, when I am again able to scan documents on my computer." Docket No. 206 (under seal) at 4. However, Piccone has not filed or served the tax returns and other documents he was ordered to submit by April 16, 2013.

The defendants, therefore, have moved to have this case dismissed. That motion is meritorious. As explained in the March 20, 2013 Memorandum and Order, it would have been reasonable to dismiss this case because of Piccone's failure to obey the Magistrate Judge's orders. Piccone's recalcitrance has continued. It has undermined the schedule established by the March 20, 2013 Memorandum and Order; frustrated the ability of the parties to develop evidence and of the court to determine material facts; and injured the ability of the court to manage its crowded docket. To be fair to defendants, to give integrity to court orders, and to allow this court to manage its caseload, this case is now being dismissed as a sanction for Piccone's failure to obey the March 20, 2013 Order. See Mulero-Abreu, 675 F.3d at 91-2, 94; Damiani v. Rhode Island Hospital, 704 F.2d 12, 16 (1st Cir. 1983). As the First Circuit has written, "even though the sanction of dismissal is reserved for a limited number of cases, it must be available so the trial courts may punish and deter egregious misconduct." Mulero-Abreu, 675 F.3d at 94. This is such a case.

Accordingly, it is hereby ORDERED that the defendants' motion to dismiss this case (Docket No. 207, under seal) is ALLOWED and this case is DISMISSED with prejudice.

UNITED STATES DISTRICT COURT

4